443 P.2d 424

**STATE of Arizona, Appellee,**

v.

**Edward Francis GIBSON, Appellant.**

No. 1704.

Supreme Court of Arizona.

In Division.

July 12, 1968.

---

of rape, a violation of A.R.S. § 13–611, and sentenced to 20 to 25 years in the state penitentiary. He filed a timely notice of appeal but before the matter was docketed in this Court his counsel presented to the lower court a motion to dismiss upon which an order of dismissal was entered. Gibson was incarcerated in the state penitentiary at Florence, Arizona, from August, 1960, to April, 1966, when present counsel succeeded in vacating the order of dismissal, whereupon this appeal has progressed to its conclusion here.

The facts established at the trial show that the complaining witness, on January 29, 1960, at approximately 6:30 a. m., was at home in bed after her husband had gone to work. Her two boys were asleep in the rear bedroom. A man entered her bedroom while she slept, placed the point of a knife against her back and threatened to kill her or her children if she did not cooperate in an act of sexual intercourse. He was there about 20 to 25 minutes but because of the complete lack of light she never had an opportunity to see him sufficiently well to make a visual identification. The complaining witness testified he was quite bony, very thin and didn't say much, and that he had on a sweet-smelling after shave lotion or cologne. There is evidence that he had an unusual or distinctive voice.

Gibson was arrested and arrangements were made at the police station for the complaining witness to listen while two policemen interrogated him. She identified his voice as that of the individual who had assaulted her. Of this identification she was positive, adhering to it through both the preliminary hearing and trial. She also identified the scent of cologne found in Gibson's apartment as that of the assailant.

During the course of approximately ten days while being held in jail, the defendant had numerous conversations with police officers, including Officer John Field who subsequently testified, over objections, at Gibson's trial concerning these conversations. In substance, Field testified that Gibson had admitted he was a "peeping

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Anthony H. Mason, Asst. Atty. Gen., for appellee.

Anne Kappes, Phoenix, for appellant.

STRUCKMEYER, Justice.

The appellant, Edward Francis Gibson, was convicted on July 27, 1960, of the crime

.Tom" and had, at different times, walked around the neighborhood looking into windows. While Gibson lived about three blocks from the complaining witness, he never acknowledged looking into her window. He did, however, tell the police officers that if he, Gibson, received medical treatment he would admit to the offense charged against him.

■ Gibson urges that he was deprived of a fair trial when the court, over objections, admitted evidence characterizing him as "sex offender" when no evidence was offered establishing that he had ever been convicted of such offense. Officer John Field testified:

· "Q What else was said in the conversation, Officer?

"A I asked him as to his activities that morning, and he had explained that he had left and gone down to the unemployment office.

"Also, he told me he had gone back to the apartment and packed and waited around his apartment to be picked up for questioning.

"I asked him why he was waiting to be picked up on Friday morning. He told me that whenever anything like this happened in the neighborhood the sex offenders were picked up.

"[DEFENSE COUNSEL]: I am going to object to this entire line of testimony. * * *"

It is argued the use of the words "sex offenders" suggested that Gibson had a prior record of similar conduct, and we agree. However, we do not think it constitutes error. The testimony is an admission that Gibson was aware that a sexual offense had been committed. From this admission the jury could infer guilty knowledge—knowledge of which only the offender and the complaining witness could have been aware.

■ Gibson complains of Officer Field's testimony that Gibson admitted to being a "peeping Tom". While the basis for the objection at the time of trial was somewhat unsatisfactory, on the motion for new trial counsel for the prosecution argued:

"I think it was shown somewhere, even from his own testimony, that a person who engages in acts of these natures does have a lustful and lascivious disposition and is more apt to commit a sexual crime of almost any kind then a normal person, * * *."

To which the court responded:

"That was the basis upon which this Court permitted the evidence to come in."

Such evidence of misconduct by the defendant plainly constitutes prejudicial and reversible error. We held in State v. Johnson, 94 Ariz. 303, 383 P.2d 862, 863, that specific acts of misconduct not sustained by a conviction of a felony may not be shown and cited the prior Arizona cases. We said:

"The danger is twofold: First, that the jury may conclude that the defendant is a 'bad man' and convict on lesser evidence than might ordinarily be necessary to support a conviction, and second, that if the door is opened to such evidence, the defendant is in danger of having to defend every incident of an entire lifetime in a single trial."

The State relies on the language of State v. Finley, 85 Ariz. 327, 338 P.2d 790. There, on a charge of rape, the majority of this Court affirmed a conviction where a prior act of rape was shown. The majority were of the view that both acts were so similar as to show a plan or scheme embracing two or more crimes so related to each other that the proof of one tended to establish the other. In the instant case, there is obviously no relevant connection between an act of a "peeping Tom" and an act of violent rape. One does not necessarily follow from the other and no medical literature or study has been pointed to which suggests the contrary. Any language in the Finley case implying that prior unrelated criminal acts might be shown to establish criminal propensity is specifically disapproved.

Gibson also raises numerous questions which were either not raised in the trial court and which, consequently, we will not consider, or questions of such a nature as are unlikely to occur on retrial. We do not agree that the evidence is insufficient to sustain the conviction in the light of the identification and admission inferring guilty knowledge.

We note the justice of the peace at Gibson's preliminary hearing did not inform him that if he made a voluntary statement it could be used in evidence against him. See Rule 24, Rules of Criminal Procedure, 17 A.R.S. Gibson did testify at the preliminary hearing, however the evidence was not subsequently used against him. Accordingly, he was not prejudiced and, therefore, the error was not critical. Cf. White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193.

Judgment reversed with directions to grant defendant's motion for a new trial.

UDALL, V. C. J., and BERNSTEIN, J., concur.