470 P.2d 461

STATE of Arizona, Appellee,

v.

Michael PARKER, Appellant.

No. 2070.

Supreme Court of Arizona,
In Division.

June 8, 1970.

Rehearing Denied June 30, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

James T. Bialac, Phoenix, for appellant.

McFARLAND, Justice.

Michael Parker—hereinafter referred to as defendant—was tried and convicted on two counts of child molesting of two sisters—the first count was molesting a girl twelve years of age—hereinafter designated as girl one; the second count on a girl nine years of age—hereinafter designated as girl two; and was sentenced to serve a term of three and a half to ten years in the Arizona State Penitentiary on each count, to run concurrently. From his conviction and sentence he appeals.

The defendant was originally charged with committing rape on the person of another sister, a 16-year-old mentally retarded girl—hereinafter designated as girl three, together with child molesting on girl one and girl two. Before the commencement of the trial the court dismissed the charge of rape on a motion of the county attorney, and defendant was tried on the amended complaint charging two counts of child molesting. The stepfather, Del-Mar Anderson, testified that he had been married to the mother of the children since 1965; that on the 16th day of July 1968 he was working at the Malco Service Station at 16th Street and Roma, Phoenix; that he was called on a service call to start a car outside the "Branding Iron" on Indian School Road, where he met defendant, Michael Parker, at approximately 2:15 p. m.;

that they had been fairly good friends; and defendant asked

"* * * if he could pick up the kids and take them over to his swimming pool again. He said he was going to pick up his wife and I said it was okay if he wanted to pick them up."

He testified that defendant left shortly thereafter. He also testified that the children had previously gone swimming at defendant's home, which was located on Oregon Avenue. The girls, one and two, both testified that while they were in the swimming pool the defendant molested them. Girl one, who was thirteen years of age at the time of the trial, was examined on voir dire by the court and counsel. She explained the difference between the truth and a lie, and said that she knew she would be punished for telling a lie. She testified that while they were swimming the defendant put his

"* * * hand on my breasts with his right hand—left hand, and his right hand up the leg of my pants, my bathing suit."

Girl two, when she was questioned on voir dire by the court and counsel, stated that one would be punished and confined for telling a lie, and that she could remember back and would tell the truth. She testified as to similar actions while defendant was teaching her to float, at which time he touched her "sex" area.

The victims' brother, hereinafter designated as the brother, who was eleven years old at the time of the trial, was questioned on voir dire by the court and by counsel. He said he understood what it is to tell the truth and to tell a lie, and that the oath means that one telling a lie would be punished. He testified that he had seen defendant with his sister, girl three (the mentally retarded girl who was sixteen years of age), in the swimming pool; that defendant had his shorts down to his knees; that she had her legs around him; and that his other two sisters were in the pool at the time. His testimony was not clear as to the exact time this occurred—as

to whether it was on the same day or on a prior day.

The first question presented pertains to the competency of the three children to testify.

■ This Court has held that it is within the discretion of a trial judge to determine the competency of a child testifying, and that the exercise of that discretion will not be reversed unless there is a clear abuse of this discretion. State v. Goldsmith, 104 Ariz. 226, 450 P.2d 684; State v. Phillips, 102 Ariz. 377, 430 P.2d 139; State v. Berry, 101 Ariz. 310, 419 P.2d 337; Davis v. Weber, 93 Ariz. 312, 380 P.2d 608; State v. Dominguez, 87 Ariz. 149, 348 P.2d 919; State v. Haston, 64 Ariz. 72, 166 P.2d 141; Keefe v. State, 50 Ariz. 293, 72 P.2d 425; Sheek v. State, 19 Ariz. 509, 172 P. 662.

■ The defendant, in his brief, contends that there were contradictions in testimony of the witnesses, and that the brother's testimony was hazy. This would go to the weight to be given the testimony, and not to the competency. All three of the children, on voir dire examination, stated they understood the difference between the truth and a lie and that they would be punished if they told a lie. We find no abuse of the court's discretion in admitting their testimony.

■ The next contention of defendant is that the court erred in permitting the testimony of the brother concerning the alleged prior incident with his retarded sister, girl three. Defendant contends that the admission of the testimony was not proper, stating that it had no connection with the crime for which the defendant was being tried; that it pertained to the crime of rape which had been dismissed.

We have held, in Taylor v. State, 55 Ariz. 13, 97 P.2d 543, that:

" * * * There is no question but that the general rule is 'that, in the prosecution of one accused of a particular offense, evidence showing or tending to show the commission by accused of an-

other crime entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible.' Dorsey v. State, 25 Ariz. 139, 213 P. 1011, 1012. * * * "

However, we held also in the Taylor case that:

" * * * there are several exceptions to this rule and one of them is those cases in which the evidence of similar offenses tends to show a system, plan or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other, Vigil v. State, 33 Ariz. 51, 262 P. 14; Cummings v. State, 20 Ariz. 176, 178 P. 776, and the state contends that the facts of this case bring it clearly within this exception. It occurs to us that this position is sound, for in the case of rape, either statutory or forcible, evidence of similar offenses which shows that in the commission of the offense the accused used a system or plan, tends just as much to establish the act charged, as does the evidence of similar acts in the case of any other crime. * * * "

In later cases we have discussed the rule of specific emotional propensity. State v. McDaniel, 80 Ariz. 381, 298 P.2d 798; State v. Finley, 85 Ariz. 327, 338 P.2d 790. In State v. Gibson, 103 Ariz. 428, 443 P.2d 424, we held that:

" * * * Any language in the Finley case implying that prior unrelated criminal acts might be shown to establish criminal propensity is specifically disapproved."

In State v. Goldsmith, supra, we held:

"While in both cases we talked about emotional propensity, it was coupled with the rule of law stated in Taylor v. State, supra, which provided that prior acts must tend to show 'a system, plan or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other.' We recognize this principle now. However, any acts to be admissi-

ble must tend to establish such 'a system, plan or scheme.' Also, they would have to be presented at the proper place in the trial. However, they were not introduced for this purpose in the instant case. The question of 'a system, plan or scheme' would have to be determined by the trial court at the time it was offered in evidence by the State in its case-in-chief."

Under this holding, the question in the instant case is whether there was a "system, plan or scheme." The rule as set forth in Taylor, supra, is applicable to the child-molesting charges. The question then is whether the evidence of the other act in the instant case comes within this exception. The evidence shows that the defendant had on previous occasions invited the same children to go swimming in his pool, which showed his system, plan and scheme to get the children to a place where he could perform such acts. The admission of the evidence of the prior act was for the purpose of showing that he had previously, in the swimming pool, performed similar acts on the sister who was a retarded minor of the age of sixteen. There was a similarity in the acts testified to by the brother and those performed on the sisters, girls one and two.

Defendant offered no evidence to contradict that of the State on either of his contentions, relying upon his contention that the evidence in each instance was inadmissible.

We hold the court did not err in the admission of the testimony.

Judgment affirmed.

STRUCKMEYER, V. C. J., and UDALL, J., concur.