517 P.2d 87

**STATE of Arizona, Appellee,**

**v.**

**Thomas Jude McFARLIN, Appellant.**

**No. 2348.**

Supreme Court of Arizona,
In Division.
Dec. 20, 1973.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, Charles C. Hall, Law Student, Tucson, for appellee.

David M. Lurie, Phoenix, for appellant.

HOLOHAN, Justice.

Thomas Jude McFarlin was convicted of child molesting after a trial by jury. He was sentenced to a term of 10 to 15 years in the state prison.

The incident of child molestation on which the conviction was based was shown by the evidence to have occurred when the defendant invited a young boy into his house, showed him pictures of nude women, and then molested him.

In addition to the incident upon which the defendant was actually charged, the State, over the objection of the defense, was permitted to introduce in evidence other acts of child molestation committed by the defendant. The evidence by the State showed four other incidents of molesting which took place both before and after July 26, 1970, the date of the offense charged. These additional acts of molestation took place during the period May 1970 and July 27, 1970.

The evidence of the incidents of child molesting other than that charged in the information were offered by the State to show that the defendant had a specific emotional propensity for sexual aberration. The prosecutor did not contend that the other acts of perversion were part of any plan, scheme or design, and the theory of the case by the State was that such additional acts were relevant evidence from which the jury could infer that the defendant had a specific emotional propensity for sexual aberration and that that was a factor to be considered in their determination of whether or not the defendant did in fact commit the act charged.

The defendant by this appeal raises essentially three questions: (1) Was it error to admit into evidence other acts of child molesting for the purpose of showing sexual propensity or sexual aberration? (2) Was it error for the trial court to fail to give a cautionary instruction as to the purpose for admission of the other alleged acts of child molesting? And (3) Was the defendant under all circumstances in the case given a fair trial?

The issue of whether other acts of sexual misconduct should be admitted in evidence in the prosecution of a defendant for a sex offense is a matter of considerable controversy among the state court jurisdictions. The admission of such evidence has been criticized by authorities in the field of evidence. For a good discussion of the issues involved in the admission of such evidence and citations to a number of the articles on the subject, see 6 Arizona Law Review 212, Other Acts of Sexual Misbehavior or Perversion as Evidence in Prosecutions for Sexual Offenses, by James M. H. Gregg.

The course of the decisions in this jurisdiction has not been consistent in the determination of the basis for the admission of such other acts of perversion. Starting with Taylor v. State, 55 Ariz. 13, 97 P.2d 543 (1940), this Court, in a statutory rape case, followed the general rule that evidence of similar crimes was not admissible subject, however, to the exception that evidence of similar crimes was admissible to show a system, plan or scheme to commit such crimes. The exception is one of the several recognized generally by both state and federal jurisdictions. II Wigmore on

Evidence, 3rd Ed. § 304. In *Taylor* this Court quoted from the Kansas case of State v. Jenks, 126 Kan. 493, 268 P. 850 (1928) which held that other acts of intercourse were admissible in a statutory rape case to show the lustful disposition of the defendant and the system employed in committing the act. Kansas had adopted the "lustful disposition" exception in 1926, in State v. Bisagno, 121 Kan. 186, 246 P. 1001. In State v. McDaniel, 80 Ariz. 381, 298 P.2d 798 (1956), the Court permitted the admission of evidence of acts of a similar nature in a prosecution for fellatio, the additional acts being similar to that charged. This Court held that the evidence of other acts was admissible as showing a plan or system or modus operandi on the part of the defendant, but the Court also stated that there was an additional relevancy to such evidence, that of showing the accused's specific emotional propensity. Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85 (1944) was cited as authority for the proposition. Some three years later in State v. Finley, 85 Ariz. 327, 338 P.2d 790 (1959), this Court, in a rape case, had occasion to again make reference to the admission of prior sexual offenses as admissible to showing the "lustful propensities" of the defendant to commit such a crime. In 1967 in State v. Phillips, 102 Ariz. 377, 430 P.2d 139, this Court again upheld the admission of other acts of sexual misconduct to be shown in a prosecution for fellatio. The Court pointed out that in the area of unusual sex offenses a specific exception to the general rule of exclusion of evidence of another crime was present and such other crimes were admissible to show an emotional propensity for sexual aberration. This rule was followed by the Court of Appeals in State v. Smallwood, 7 Ariz. App. 266, 438 P.2d 335 (1968).

The course of the rule changed in 1968 with State v. Gibson, 103 Ariz. 428, 443 P.2d 424 (1968). The author of the opinion in *Gibson* had filed a dissent in State v. Finley, *supra,* challenging the reasoning in that case. The Court in *Gibson* qualified the language of *Finley*:

"Any language in the Finley case implying that prior unrelated criminal acts might be shown to establish criminal propensity is specifically disapproved." 103 Ariz. at 430, 443 P.2d at 426.

In State v. Goldsmith, 104 Ariz. 226, 450 P.2d 684 (1969), a child molesting case, the Court again had occasion to make reference to the rule in State v. McDaniel, *supra,* and the Court held that the emotional propensity rule was to be coupled with the requirement that the prior acts must tend to show a system, plan or scheme where the commission of two or more crimes are so related to each other that the proof of one tends to establish the other. In State v. Parker, 106 Ariz. 54, 470 P.2d 461 (1970), the holding of the Court remained consistent with the position stated in *Goldsmith*. This Court again adhered to the proposition that in a child molesting case the additional acts would have to be found to qualify as part of a system, plan or scheme. The following year, however, in State v. Godsoe, 107 Ariz. 367, 489 P.2d 4 (1971) in a child molesting case this Court, without reference to either the *Goldsmith* or *Parker* cases, found no error in a jury instruction which stated that evidence of other similar sexual offenses indicating a propensity for sexual molestation or sexual aberration in respect to young girls might be considered by the jury together with all other evidence in the case as bearing on the question of whether in fact the defendant committed the act charged. There was no dissent by any member of the Court to the foregoing holding. Finally, last year, in State v. Finley, 108 Ariz. 420, 501 P.2d 4 (1972) the Court in a statutory rape and molestation case held that the admission of prior specific bad acts was permissible because the evidence showed a system, plan or scheme by the defendant to engage in sexual aberration.

The decisions of this Court have caused some confusion, and they certainly have not been consistent. Prior bad acts are admissible as an exception to the general rule where such acts show a plan, scheme or device. II Wigmore on Evidence, 3rd Ed. § 304. This rule applies irrespective of the the the type of offense and is, of course, applicable to so-called sex offenses. The question is squarely presented in this case as to whether similar acts of perversion are admissible for the purpose not of showing a plan, scheme or device, or modus operandi but for the purpose of showing that the defendant has a propensity for abnormal sex acts.

In cases involving abnormal sex actions the evidence of such incidents consists largely of the testimony of the victim and possibly the defendant if he elects to take the stand. Such acts of their very nature are done out of view and secretly. The problem of proof for the State and the problem of defense by the defendant are equally difficult. In a child molestation case the defendant can be convicted on the uncorroborated testimony of the child since the child is a victim—not an accomplice. State v. Phillips, *supra*; State v. Rice, 110 Ariz. 210, 516 P.2d 1222 (filed December 14, 1973). In such cases the decision of the jury depends essentially upon the testimony of the one witness.

There is always present in the child molesting cases the possibility of fantasy, unreliability, or vindictiveness.

The rationale in the exclusionary rule concerning evidence of other bad acts or crimes is the prejudice to the accused and the questionable relevancy of such evidence to the offense charged. The exceptions to the exclusionary rule are generally based on the strong relevancy of the evidence offered even though prejudicial to the defendant. II Wigmore on Evidence, 3rd Ed. § 216. The so-called "lustful disposition" or "emotional propensity" exception has been extended to questionable lengths. The application of the rule to all sex cases has been sharply criticized. As one court

pointed out, the fact that one woman was raped is not substantial evidence that another did not consent. Lovely v. United States, 169 F.2d 386 (1948).

In those instances in which the offense charged involves the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious, etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts. The "emotional propensity" exception is limited to those cases involving sexual aberration, but this is not to say that the other usual exceptions to the exclusionary rule cannot be used. It simply means that in addition to the usual exceptions there is in cases involving the charge of sexual aberration the additional exception of emotional propensity.

Applying the rule above stated it is clear that the evidence of other acts was admissible. The acts were similar, were committed within a period shortly before and after the offense charged, involved sexual aberation, and were offered in a case involving a charge of sexual aberration.

The defendant next urges that the trial court should have given a cautionary instruction to the jury on the limited purpose for which such evidence was admitted. It is conceded that defense counsel did not request such an instruction, and it was settled by State v. Maxwell, 95 Ariz. 396, 391 P.2d 560 (1964) and State v. Francis, 91 Ariz. 219, 371 P.2d 97 (1962) that error could not be predicated on such an issue absent a request by counsel for such an instruction.

The last issue raised by the defendant is a general one in which the Court is asked to review the nature of the evidence presented, the performance of defense counsel, the permitting of leading questions to be asked of the children witnesses, and the presence of the investigating officer in the courtroom despite the invocation of the rule of exclusion of witnesses. From a re-

view of these matters the defendant urges that he was not given a fair trial.

A review of the evidence and the matters suggested by the defendant does not support his position. The evidence was compelling, and the defense was unable to offer a defense or explanation for the acts of the defendant.

While the defendant does not cite any specific examples of leading questions being asked, a review of the evidence discloses some instances of such questions in the examination of the children. In State v. Pierce, 59 Ariz. 411, 129 P.2d 916 (1942) and State v. Godsoe, *supra,* this Court held that it was not an abuse of discretion to permit leading questions to be asked of minors. A review of the examination of the children witnesses in this case does not show that the questions were too suggestive or unfair.

■ The exemption of a single police officer from the rule of exclusion of witnesses is usually permitted so that he may assist the prosecution, and this practice has been held to be within the discretion of the trial court. State v. Thomas, 78 Ariz. 52, 275 P.2d 408 (1954). There was no abuse of discretion by the trial court in allowing the officer to remain in the courtroom in this case.

■ The defendant suggests that the performance of counsel was not adequate. The record does not support this position. The representation meets the standards required by law. State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971). The standard of a lawyer's performance is not measured by whether or not an acquittal was achieved. State v. McCline, 109 Ariz. 569, 514 P.2d 490 (1973).

■ From a complete review of the case it appears that the defendant received a fair trial at which the evidence of guilt amply justified the verdict of the jury. The sentence imposed was well within the statutory limits and not excessive.

Affirmed.

HAYS, C. J., and STRUCKMEYER, J., concur.