610 P.2d 1054

**STATE of Arizona, Respondent,**

v.

**Thomas J. McFARLIN, Petitioner.**

**No. 1 CA–CR 3852–PR.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 4, 1980.

Rehearing Denied April 16, 1980.

Review Denied May 6, 1980.

---

Robert K. Corbin, Arizona Atty. Gen., by William J. Schafer III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and Robert F. Ellig, Asst. Atty. Gen., Phoenix, for respondent.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

OGG, Chief Judge.

Petitioner, Thomas J. McFarlin, filed a petition for postconviction relief in the trial court pursuant to rule 32.1–32.10, 17 A.R.S., Rules of Criminal Procedure, seeking to set aside an order of the Arizona State Parole Board revoking his parole. In the original petition, it was alleged that petitioner was denied procedural due process because he had not been given a preliminary hearing in New York after his arrest on the Arizona revocation warrant. A supplemental petition filed by his court-appointed attorney asserted that his New York conviction of attempted sodomy, third degree, which formed the basis for his parole revocation, was constitutionally infirm because petitioner was not represented by counsel when he pled guilty to the New York charge and the plea was not knowingly or voluntarily entered. After a hearing was held pursuant to rule 32.8, the trial court denied the petition for post-conviction relief. A timely motion for rehearing was filed and denied. Thereafter, a timely petition for review was filed bringing the matter for review before this Court pursuant to rule 32.9(c).

On April 2, 1971, petitioner was sentenced to a term of ten to fifteen years imprisonment at the Arizona State Prison after he was found guilty of child molesting.[1] In April, 1975 petitioner was paroled and was permitted to move to New York to serve out the remainder of his parole under New York supervision. On September 24, 1977, petitioner pled guilty in Dryden, New York to attempted sodomy, third degree. He was fined $50.00 and was placed on proba-

---

1. Judgment and sentence affirmed, *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973).

tion for a period of one year. He was again arrested in New York on September 27, 1977, apparently on a warrant issued by New York officials. On October 19, 1977, the Arizona Department of Corrections issued a warrant alleging that petitioner was in violation of the terms of his parole in that he had pled guilty to the New York charge of attempted sodomy, third degree. He was returned to Arizona on November 14, 1977 and on November 21, 1977 appeared before the Arizona Board of Pardon and Parole for a final revocation hearing. The minutes from the hearing reflect the following:

> THOMAS MC FARLIN, ASP # 30541, appeared before the Board, stated he knew his rights and was ready to be heard. After discussion, it was the decision of the Board that Mr. McFarlin had violated his parole as evidenced by his pleading guilty to the charge of Attempted Sodomy, 3rd Degree and receiving a $50.00 fine as stated on the Warrant of Arrest issued by the Department of Corrections dated October 19, 1977. He was declared delinquent and in violation of parole and will forfeit two (2) years and four (4) months street time.

Petitioner's argument that he was denied procedural due process because he was not given a preliminary hearing in New York is based on *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey*, the United States Supreme Court held that due process demands that a parolee receive a preliminary hearing before an independent hearing officer near the site where he was arrested to determine whether there was probable cause to support a revocation of parole. This hearing serves the purpose of a quick, on-site hearing where information is fresh and sources are available. It also prevents undue incarceration caused by delay between arrest and revocation where there is no substance to the charge. *Morrissey* also requires a final revocation hearing by the Board which has granted parole to evaluate the alleged violations and to decide whether the evidence warrants revocation.

However, in *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the United States Supreme Court noted that where the revocation is based upon a subsequent conviction, the preliminary hearing is unnecessary because the conviction forms the basis for probable cause. *See also Heinz v. McNutt*, 582 F.2d 1190 (9th Cir. 1978). *See also Carrion v. State*, 113 Ariz. 303, 552 P.2d 1197 (1976), which holds that failure to conduct a prerevocation hearing does not require release absent a showing of prejudice.

Petitioner attempts to distinguish *Moody* on the grounds that in *Moody*, the defendant not only was convicted of a subsequent charge, but was being held in custody on that charge. He argues that in the case at bar, *Morrissey* required an on-site preliminary hearing because petitioner was being held in confinement solely on the basis of the Arizona revocation warrant. As noted earlier, the normal lengthy incarceration between the time of an out-of-state arrest and a final revocation was one of the reasons underlying the requirement for a preliminary hearing. However, petitioner's argument ignores the purpose of the preliminary hearing. As stated in *Morrissey*:

> Based on the information before him, the officer should determine whether there is probable cause to hold the parolee for the final decision of the parole board on revocation. *Such a determination would be sufficient to warrant the parolee's continued detention* and return to the state correctional institution pending the final decision. (emphasis added)

92 S.Ct. at 2603. Where the revocation warrant is based on a subsequent conviction, probable cause to believe that a violation has occurred has been sufficiently established, and this determination is sufficient to hold the parolee until he is returned for a final revocation hearing. While undue delay between the time of arrest and the final revocation hearing may provide grounds for subsequent relief, no such argument has been made here and no prejudice appears to have accrued to petitioner by the

delay. Thus, petitioner's first argument is without merit.

■ In the amended petition for post-conviction relief, it was alleged that the parole revocation was unlawful because the petitioner's New York plea was not voluntarily and intelligently entered. The petitioner was given a full hearing pursuant to rule 32.8 on the factual allegations alleged in the amended petition. We have reviewed the transcripts from this hearing and agree with the trial court's findings that the petitioner failed to prove these allegations by a preponderance of the evidence as required by rule 32.8(c). *See State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478.

At the hearing, petitioner testified that when he entered his plea, he thought he was pleading guilty to disorderly conduct rather than attempted sodomy, third degree, and would not have entered that plea because of his fear of revocation. He also testified that he did not request counsel or a trial because he was relying on the promise of a New York police officer that his Arizona parole would not be revoked if he entered the New York guilty plea.[3] No transcript was presented from the New York plea proceedings. However, the docket sheet from the Dryden Justice Court and the signed statements of the victim and petitioner which were submitted by the state in support of the New York conviction are sufficient to support the trial court's findings when coupled with the petitioner's tenuous testimony.

The Dryden Justice Court docket reflects that petitioner was advised of the charges against him, attempted sodomy, third degree, and that he was advised of his right to counsel. The minutes further reflect a waiver of the right to counsel and a guilty plea to the charge. From the documents presented and even by the petitioner's own testimony, it is clear that he was aware that he was originally charged with attempted sodomy, third degree. His statements that he believed this charge was being changed to disorderly conduct, as noted by the trial judge, "fly in the face of rationality" considered in light of the documents.

■ Turning to petitioner's testimony that his plea was induced by promises that his parole would not be revoked, we believe this testimony was sufficiently impeached on cross-examination to support the trial court's finding that the plea was induced by the petitioner's hope that by entering a plea, paying a fine and getting the matter quickly over with, there would be less chance of his parole officer learning of these facts than if a full trial was held. Petitioner testified that he was aware that the acts were a violation of the terms of his parole, and a letter to him of December 14, 1976 by his parole officer, which was introduced at the hearing, made it clear that this type of an incident would lead to his arrest for parole revocation. Petitioner further testified that he did not dare contact his parole officer in relation to this incident out of fear of revocation. Under these facts, we hold that the trial court was correct in finding that the petitioner failed to sustain his burden of proof on the factual allegations.

For the reasons stated, relief is denied.

CONTRERAS, P. J., Department C, and JACOBSON, J., concur.

---

**3.** This officer did not testify at the hearing. Whether he was unavailable or was not subpoenaed does not appear in the record. Under rule 32.8(a), petitioner was entitled to subpoena the witness.