664 P.2d 233

**STATE of Arizona, Appellee,**

v.

**John Owen COUSIN, Appellant.**

**No. 1 CA–CR 5777.**

Court of Appeals of Arizona,
Division 1, Department C.

March 1, 1983.

Rehearing Denied Apr. 7, 1983.
Review Denied May 24, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Chester R. Lockwood, Jr., Prescott, for appellant.

## OPINION

BROOKS, Judge.

Defendant has appealed from his conviction on two counts of molestation of a child [1] following trial by jury. He was sentenced to serve the presumptive term of seven years on each count, the sentences to run concurrently. He timely appealed raising three issues for this court's consideration: (1) whether the trial court erred in admitting evidence of prior bad acts committed by the defendant; (2) whether the trial court erred in refusing to give defendant's requested instruction on sexual abuse as a lesser included offense; (3) whether the trial court erred in refusing to give defendant's requested instruction on contributing to the delinquency of a child as a lesser included offense.

## FACTS

The evidence at trial revealed that the defendant babysat for two young girls who were sisters, ages ten and six, from March, 1980 through December, 1980. The girls would stay with the defendant after school until they were picked up by one of their parents after work. The ten year old testified at trial that during those months, when she was nine years old, the defendant touched her or rubbed his hand in her "private area" approximately ten to eleven times. On each of these occurrences, the defendant would either remove the victim's pants or have the victim do so. The victim used a doll at trial to demonstrate where the defendant had touched her between the legs. She also testified that the defendant would spank her with a belt at times different from the times he touched her. These spankings occurred when the victim was not dressed. The acts of touching this victim (hereinafter victim one) constituted the basis of count one of the indictment.

The defendant had two stepdaughters ages fourteen and eighteen. The fourteen year old stepdaughter (hereinafter victim two) testified that in October of 1980, the defendant had her remove her clothes and then placed his finger in her vagina. A family friend testified that victim two told her about this incident approximately a week after it had occurred. This incident constituted the basis of count two of the indictment. Victim two also testified that the defendant had touched her private parts approximately two weeks prior to the incident in question and that he first touched her when she was approximately eight or nine years old and that on one occasion, he had her perform fellatio on him.

Prior to trial the defendant moved *in limine* to preclude the testimony of the defendant's eighteen year old stepdaughter concerning prior acts of molestation committed by the defendant upon her approximately four to seven years earlier. The trial court held an *in camera* hearing on the motion and heard the testimony of Michael Cleary, M.D., a board certified forensic psychiatrist who had worked with sex offenders for nineteen years. Dr. Cleary testified that the allegations of the eighteen year old stepdaughter concerning acts which had occurred four to seven years prior to the acts which were charged in the instant case indicated an emotional propensity on the part of the defendant to perform acts of child molestation. The psychiatrist also testified that prior acts of touching victim two when she was around eight or nine years old and the act of fellatio indicated the same emotional propensity on the part of the defendant to perform acts of child molestation. Prior to the testimony of victim two and the defendant's eighteen year old stepdaughter, the trial court ruled that the tes-

1. A.R.S. § 13–1410.

timony of each of them, as to the prior bad acts, was admissible with the exception of a rape allegedly committed by the defendant on his eighteen year old stepdaughter when she was twelve years old. Thus, the older stepdaughter testified at trial that from the time she was age ten through age twelve, the defendant fondled her and inserted his finger into her vagina on various occasions. She also testified that he had committed acts of oral sex upon her.

The defendant testified in his own defense at trial and denied all acts of molestation against the children. He testified that he had disciplinary problems with the older stepdaughter. He further testified that he spanked the girls frequently with a belt or with his hand for punishment, but only when they had done something wrong. He indicated that each time he spanked the girls, he had them remove their clothing so as to shame them. He also testified that he did not spank anyone who had reached the age of fifteen. When cross-examined by the prosecutor, the defendant explained that these charges had been brought because the children were cruel, were lying, and were upset with him because he had disciplined them harshly. He also testified that he had had an affair with the mother of victim one, which he had terminated because he was no longer interested in her. He indicated that she continued to call him at his parents' home.

## PRIOR BAD ACTS

For his first issue on appeal, the defendant contends that the trial court erred in admitting the testimony of the older stepdaughter concerning the sexual acts allegedly committed by the defendant some four to seven years prior to the incidents in question. He contends that the acts were too remote in time to be relevant, were severely prejudicial, and that the trial court did not exercise its proper discretion in admitting the acts. We find no error.

The leading case in Arizona recognizing the "emotional propensity for sexual aberration" exception to the prior bad act rule is *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973). In that case our Supreme Court stated:

> In those cases in which the offense charged involves the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious, etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts.

110 Ariz. at 228, 517 P.2d at 90. The *McFarlin* rule admitting such acts was clarified in *State v. Treadaway,* 116 Ariz. 163, 568 P.2d 1061 (1977). In *Treadaway,* the Supreme Court held that where the prior act is not similar in nature to that charged *or* where it is remote in time to the crime charged (three years or more) the prior act is not admissible unless and until there is reliable expert medical testimony that such prior act tends to show a continuing emotional propensity to commit the crime charged. *See also State ex rel. LaSota v. Corcoran,* 119 Ariz. 573, 583 P.2d 229 (1978).

In the case at hand, Dr. Cleary testified that the incidents involving defendant's eighteen year old stepdaughter, which occurred four to seven years prior to the alleged acts in this case, showed an emotional propensity to commit acts of child molestation. He also testified that the act of fellatio on victim two when she was eight or nine and the acts of fondling her showed a propensity to commit acts of child molestation. This testimony was presented in conformity with the requirements of *Treadaway,* and established the relevancy of the prior acts to the instant offenses. We hold that the trial court did not err in admitting the testimony of the eighteen year old stepdaughter and in admitting the testimony of victim two concerning the prior acts committed by the defendant upon them.[2]

2. The defendant does not contend on appeal that the trial court erred in admitting the testimony of victim two as to the prior acts. Thus, the issue concerning that specific testimony could be deemed waived for purposes of appeal. However, the defendant did strenuously

## SEXUAL ABUSE AS A LESSER INCLUDED OFFENSE

For his second issue on appeal, the defendant contends that the trial court erred in refusing to give his requested instruction on the crime of sexual abuse[3] as a lesser included offense of child molesting.[4]

For an instruction on a lesser included offense to be required, two conditions must be met. First, the crime must be lesser included in the offense charged and, second, the evidence must support the giving of the instruction. *State v. Dugan,* 125 Ariz. 194, 608 P.2d 771 (1980). The defendant's claim must fail on both grounds. First, sexual abuse is not a lesser included offense of child molesting. *State v. Aguirre,* 130 Ariz. 54, 633 P.2d 1047 (App. 1981). Although the defendant argues that the elements of sexual abuse are not identical to the elements of child molesting, and that Division Two did not closely consider the differences between the two offenses in *Aguirre,* we conclude, nevertheless, that sexual abuse is not a lesser included offense of child molesting.

According to the definitions set forth in A.R.S. § 13–1401(2), the sexual abuse statute prohibits "any direct or indirect fondling or manipulating of any part of the genitals, anus or female breast" of a person under the age of fifteen. The child molesting statute prohibits a person from molesting a child "by fondling, playing with, or touching the private parts of such child" and also prohibits a person from causing "a child under the age of fifteen years to fondle, play with, or touch the private parts of such person. . . ." In *State v. Carter,* 123 Ariz. 524, 601 P.2d 287 (1979), "private parts" for purposes of the child molesting statute include the genital and excretory organs but not the female breast.[5] Therefore, fondling the breasts of a female under the age of fifteen could be sexual abuse, but such conduct would not be child molesting. Consequently, the claimed lesser offense is not by its nature always a constituent part of child molesting.

A lesser included offense instruction may also be required when "the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged." *In the Matter of the Appeal in Maricopa County, Juv. Action No. J–75755,* 111 Ariz. 103, 105, 523 P.2d 1304, 1306 (1974). Although the terms of the charging document in the present case describe conduct which is prohibited by the sexual abuse statute, our supreme court has stated that, to be entitled to a lesser included offense instruction, "the offense charged must contain all the elements of the included offense plus at least one additional element." *State v. Caudillo,* 124 Ariz. 410, 412, 604 P.2d 1121, 1123 (1980). In other words, an instruction on a lesser included offense is justified only when there is evidence upon which the jury could

argue against the admission of such testimony at trial, and the testimony was admissible for the same reasons that the testimony of the eighteen year old stepdaughter was properly admitted.

3. A.R.S. § 13–1404. Sexual abuse; classification
    A. A person commits sexual abuse by intentionally or knowingly engaging in sexual conduct with any person not his or her spouse without consent of that person or with any person who is under 15 years of age and who is not his or her spouse.
    B. Sexual abuse is a class 5 felony.

4. A.R.S. § 13–1410. Molestation of a child; classification
    A person who knowingly molests a child under the age of 15 years by fondling, playing with, or touching the private parts of such child or causes a child under the age of 15 years to fondle, play with, or touch the private parts of such person is guilty of a class 2 felony and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole or release on any other basis until not less than two-thirds of the sentence imposed by the court has been served but in any event not less than five years, notwithstanding the provisions of §§ 41–1604.06 and 41–1604.07.

5. Although *State v. Carter, supra,* dealt with the former child molesting statute, A.R.S. § 13–653, the decision has continuing utility because the two statutes are substantially similar, particularly with regard to the "private parts" language used in each statute.

convict of the lesser offense and find that the state had failed to prove an element of the greater offense. *State v. Brady,* 105 Ariz. 190, 461 P.2d 488 (1969). The trial court need only give the lesser included offense instruction when the element that distinguishes the two charges is in dispute. *State v. Yarbrough,* 131 Ariz. 70, 638 P.2d 737 (App.1981).

■ The charging document alleged that the defendant knowingly "fondled, played with, or touched the private parts" of victims one and two. Notwithstanding the fact that the crime of sexual abuse does not contain fewer elements than the crime of child molesting, there is no distinguishing element between the two crimes which is in dispute. The facts were not alleged and presented in such a manner that the jury could have convicted the defendant of sexual abuse while finding that the state had failed to prove an element of child molestation. Accordingly, an instruction on the crime of sexual abuse was not required.

Moreover, the evidence in this case did not support the giving of a sexual abuse instruction. The defendant contends that since he admitted spanking the girls with his hand or belt, such activity could constitute "an indirect manipulation of the genitals or anus" within the meaning of A.R.S. § 13–1401(2) defining sexual contact. However, the defendant's own testimony belies his contention. He indicated that his purpose in spanking the children was for discipline. He also denied either intentionally or accidentally touching the sexual organs of the girls while spanking them. One of the victims also testified that the spankings occurred at a different time from the touchings which comprised the alleged child molesting. Thus, there is no evidence that the defendant "intentionally or knowingly" engaged in direct or indirect manipulation of any part of the genitals or anus while spanking the victims. We find that the trial court did not err in refusing appellant's instruction on sexual abuse.

### INSTRUCTION ON CONTRIBUTING TO THE DELINQUENCY OF A CHILD

For his final issue on appeal, the defendant contends that he was entitled to a jury instruction on the charge of contributing to the delinquency of a child. A.R.S. § 13–3613(A) defines the crime as follows:

> A person who by any act, causes, encourages or contributes to the dependency or delinquency of a child, as defined by § 13–3612, or who for any cause is responsible therefor is guilty of a class 1 misdemeanor.

"Delinquency" is defined in A.R.S. § 13–3612(1) as "any act which tends to debase or injure the morals, health or welfare of a child." The defendant asserts that he was entitled to an instruction on contributing to the delinquency of a child based on the evidence produced at trial that the acts of spanking the victims were done for "debasement or humiliation," and he contends that the spankings were misunderstood by the victims and constituted the acts on which they base their claims of molestation.

■ In ruling on the proposed instruction, the trial court noted that there was no evidence that the spankings occurred at the times of the molestations. Moreover, as already noted, the defendant testified that the spanking was always administered for disciplinary purposes. He stated that he never used corporal punishment unless the children were bad or they disobeyed him. He also testified that he never intentionally struck them anywhere other than their buttocks. He denied ever having molested the girls either intentionally or accidentally. He maintained that the allegations of molestation were lies, motivated by ill will towards him from the victims and their mothers. He maintained throughout the trial that he had not committed the acts which constituted molestation with the two little girls. The state presented evidence which showed that he had molested them. The case thus presents an "either guilty or innocent" situation. In such cases, while the offense of contributing to the delinquency of a child is a lesser included offense of child molesting, the evidence does not warrant an instruction on the crime of contributing to the delinquency of a child.

*State v. Jerousek,* 121 Ariz. 420, 590 P.2d 1366 (1979); *State v. Sutton,* 104 Ariz. 317, 452 P.2d 110 (1969).[6] The trial court did not err in refusing to give the requested instruction.

For the foregoing reasons the judgments and sentences are affirmed.

JACOBSON, P.J., and CONTRERAS, J., concur.

---

**6.** Our Supreme Court in *Sutton* and *Jerousek* found that contributing to the delinquency of a child is a lesser included offense of child molestation under former criminal code provisions A.R.S. §§ 13–821 and 13–653. We note that the definitions of these crimes in the current criminal code provisions are essentially the same as the former definitions. Therefore, the reasoning of *Sutton* and *Jerousek* is still applicable and contributing to the delinquency of a minor remains a lesser included offense of molestation of a child under the current criminal code provisions.