988 P.2d 1120

**STATE of Arizona, Appellee,**

v.

**David Craig ARNER, Appellant.**

**No. 1 CA–CR 98–0871.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 28, 1999.

OPINION

KLEINSCHMIDT, Judge.

¶ 1 The Defendant, David Craig Arner, was convicted of two counts of child molestation for touching the genitals of a ten-year-old boy. He contends that the trial court erred in admitting evidence of a similar offense he had committed against another victim three years earlier. He also claims that the court erred in instructing the jury regarding the appropriate use of the other act evidence. We affirm.

## NO EXPERT TESTIMONY WAS REQUIRED AT TRIAL REGARDING THE DEFENDANT'S PROPENSITY TO COMMIT THE ACTS CHARGED

¶ 2 Before trial, the Defendant filed a motion *in limine* seeking to preclude the State from presenting evidence that he had molested J.F., an eleven-year-old boy, three years before the offenses for which he was charged. The court held a hearing on the motion at which the State called Stephen Gray, a licensed psychologist, who testified that the prior act was recent enough to have predictive value and said that a person who had committed the molestation of J.F. would have had a continuing propensity to commit similar acts. The court found that the evidence of the prior occurrence was probative of a propensity to commit similar acts and that its value for that purpose outweighed any danger of unfair prejudice the introduction of such evidence might have.

¶ 3 Evidence of an emotional propensity to commit aberrant sexual acts is admissible to prove that an accused acted in conformity therewith. *See State v. McFarlin*, 110 Ariz. 225, 228, 517 P.2d 87, 90 (1973). The Defendant nonetheless contends that the trial court erred in admitting this particular evidence because the State did not provide expert testimony at trial to explain the concept of emotional propensity to the jury. He relies on *State v. Treadaway*, 116 Ariz. 163, 568 P.2d 1061 (1977), in which the court held that a somewhat dissimilar act committed three years before the charged offense could not be admitted in evidence without expert testimony showing that despite the dissimi-

Janet A. Napolitano, The Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Ginger Jarvis, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Sherman Jensen, Prescott, Attorney for Appellant.

larity and remoteness in time, such act proved a propensity of the accused to commit the act charged. The court in *Treadaway* said:

> The admissibility of the prior act depends initially upon its relevancy, which involves complicated questions of sexual deviancy in a sophisticated area of medical and scientific knowledge. This Court is not prepared to resolve such questions in the absence of such expert knowledge.

*Id.* at 167, 568 P.2d at 1065.

¶ 4 The Defendant's argument ascribes more to *Treadaway* than is justified. That case never concerned more than the threshold issue of the admissibility of propensity evidence and did not address the question of the jury's use of such evidence once it was admitted. *See id.* Other decisions have not required expert testimony at trial to explain propensity evidence. *See State v. Salazar,* 181 Ariz. 87, 88–92, 887 P.2d 617, 618–22 (App.1994) (evidence of prior molestations partially admissible in case where expert testified at propensity hearing but not at trial); *State v. Lopez,* 170 Ariz. 112, 117–18, 822 P.2d 465, 470–71 (App.1991) (evidentiary predicate of *Treadaway* satisfied by psychologist's testimony at pretrial hearing); *State v. Cousin,* 136 Ariz. 83, 84–85, 664 P.2d 233, 234–35 (App.1983) (opinion of psychiatrist who testified at in-camera hearing sufficient to establish relevancy, and thus admissibility, of sexual propensity evidence).

¶ 5 Furthermore, under Rule 404(c) of the Arizona Rules of Evidence, expert testimony is no longer required to establish relevancy in all cases of dissimilar or remote acts. *See* Cmt.[1] Rather, as long as there is a "reasonable basis," by way of expert testimony or otherwise, to conclude that the commission of the other act permits an inference that a defendant's aberrant sexual propensity is probative, the evidence is admissible. *See id.* Of course, remoteness and dissimilarity remain important factors to be considered in deciding whether the probative value of the evidence is outweighed by the danger of un-fair prejudice. *See* Ariz. R. Evid. 404(c)(1)(C)(i) and (ii) (listing remoteness and dissimilarity as factors to be considered under Rule 403). The State was not required to support the evidence of Defendant's emotional propensity to commit aberrant sexual acts with expert testimony at trial.

## THE ADMISSION OF IRRELEVANT DETAILS OF THE DEFENDANT'S PRIOR CONDUCT WAS NOT PREJUDICIAL

■ ¶ 6 The victim in the prior incident, J.F., testified that, while they were watching a movie together, the Defendant had rubbed J.F.'s penis through his clothes. Over the Defendant's objection, J.F. told the jury that he became frightened, and, as he stood up and tried to leave, the Defendant stepped in front of the door and repeatedly asked him not to go. He also offered J.F. money to take off his shorts. J.F. refused. The Defendant let the boy leave after he repeatedly asked to do so. Defense counsel moved for a mistrial, or in the alternative, to strike the testimony relating to the Defendant's attempts to detain J.F. The judge denied the motion, but stated that he would entertain any request for a limiting instruction prior to the conclusion of trial.

¶ 7 The police officer who investigated the offense was also permitted to testify, over objection, that the Defendant had attempted to prevent J.F. from leaving. He testified that he had arrested the Defendant for child molesting and false imprisonment. Defense counsel asked that the officer's testimony be stricken and again moved for a mistrial. The judge denied the motion and again indicated that he would entertain an instruction to strike or disregard a portion of the testimony prior to the conclusion of trial. The Defendant did not renew his motion to strike.

¶ 8 The Defendant argues that, because the instant offense did not involve any allegation that he had attempted to detain the victim, evidence of the attempted detention in the prior incident was irrelevant and undu-

---

**1.** Rule 404(c) did not become effective until after Defendant's November 1997 conviction. *See* Publisher's Note (amendment applicable to cases pending on and after December 1, 1997). Nevertheless, were we to remand this matter for a new trial, Rule 404(c) would apply. *See State v. Steel-* *man,* 120 Ariz. 301, 318, 585 P.2d 1213, 1230 (1978)(applying post-conviction change in evidentiary rule to affirm admission of evidence that was inadmissible under rule in effect at time of trial).

ly prejudicial, citing *Salazar*, 181 Ariz. at 87, 887 P.2d at 617. In that case, the defendant was charged with attempting to sexually molest his niece while she slept. We held that while some evidence of the defendant's sexual offenses involving other young girls was admissible to show aberrant propensity, inflammatory, dissimilar details of those offenses were not. *See id.* at 92, 887 P.2d at 622; *see also State v. Hughes*, 189 Ariz. 62, 70, 938 P.2d 457, 465 (1997) (It is "incumbent on the trial court, under Rule 403, to limit [other acts] evidence to its probative essence ... by excluding irrelevant or inflammatory detail.")

¶ 9 Assuming that the evidence in question was admitted in error, we find the error to be harmless. In *Salazar*, the victim of the prior assault testified that the defendant had slapped her, raped her twice, and silenced her by holding a sawed-off shotgun to her head. *See Salazar*, 181 Ariz. at 92, 887 P.2d at 622. The evidence in this case was not nearly so inflammatory. Although the Defendant had blocked J.F.'s path and implored him not to leave, there was no suggestion that he had employed or threatened violence. Under the circumstances, we find beyond a reasonable doubt that the error did not affect the jury's verdict.

## THE COURT DID NOT ABUSE ITS DISCRETION IN GIVING A LIMITING INSTRUCTION

¶ 10 At the State's request, the trial court gave the following limiting instruction to the jury:

Evidence of other acts of the Defendant has been admitted in this case. You must not consider this evidence to prove the Defendant's character or that the Defendant acted in conformity with that character. You may, however, consider that evidence only as it relates to the Defendant's motive or emotional propensity for sexual aberration.

¶ 11 The Defendant had objected to the instruction on the grounds that it would draw undue attention to the other act evidence and, in the absence of expert trial testimony explaining propensity, constituted a comment on the evidence by the court. The trial court overruled the objection, citing the potential for juror misuse of other act evidence. On appeal, the Defendant again claims that the instruction constituted a constitutionally prohibited comment on the evidence.

¶ 12 Generally, a trial court may instruct the jury on the limited use of evidence without violating the constitutional prohibition against commenting on the evidence. It is only when a judge expresses an opinion about the evidence that the prohibition is implicated. *State v. Baltzell*, 175 Ariz. 437, 440, 857 P.2d 1291, 1294 (App.1992). No such opinion was expressed in this case. The instruction simply informed the jury of the limited purpose for which it *could* consider the evidence.

¶ 13 Having said that, we do note that the instruction was an improper one. As we observed in *Salazar*:

When evidence of other crimes or wrongful acts is admitted to prove sexually aberrant propensity, however, it is admitted precisely to prove character and to show action in conformity therewith.

181 Ariz. at 90, 887 P.2d at 620. Thus, instructing this jury not to consider other acts as evidence of character or that the evidence acted in conformity with that character was illogical. However, the impropriety of the instruction worked entirely in the Defendant's favor and is therefore not grounds for reversal.

¶ 14 The convictions and sentences are affirmed.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and CECIL B. PATTERSON, JR., Judge.