736 P.2d 1194
**STATE of Arizona, Appellee,**

v.

**Joe CUEN, Appellant.**

**No. 1 CA–CR 9881.**

Court of Appeals of Arizona,
Division 1, Department D.

April 21, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

KLEINSCHMIDT, Judge.

The defendant, Joe Cuen, was charged by indictment with two counts of sexual assault and one count of theft of property of a value exceeding $1,000. The jury found him guilty of two counts of sexual abuse, which are class 5 felonies and lesser included offenses of sexual assault. The jury also found the defendant guilty of theft of property of a value exceeding $1,000, a class 3 felony. The court found aggravating circumstances and sentenced the defendant to the maximum terms of 2.5 years, 2.5 years, and 10 years respectively. All of the sentences were ordered to run consecutively. Cuen brought this appeal.

According to the alleged victim, M., the facts are as follows. On a summer's evening in 1985, she was driving home along Pinnacle Peak Road in north Scottsdale, Arizona, from a friend's house, when three men forced her to stop by standing in the road. The men got into her car, told her that they needed gasoline, and gave her $20 for taking them to a service station. She drove them to a station, where they bought gas and other items. The victim called a friend from the station to advise her that she would be delayed.

When M. was ready to leave the station, she was surprised to find that the men had gotten back into her car. She testified that she felt intimidated and that she drove the men back toward the area where she had found them, although she did not want to do so. They directed her to drive down a dirt road and she did so for awhile. She then refused to proceed any further because she was uncomfortable with the situation and because the rough road was damaging her car. Two of the men got out and started to walk, but the defendant stayed in the car and told his companions that he would catch up with them.

When they were alone, the defendant kissed M. She resisted and the defendant struck her in the face with his fist. As she continued to resist his advances, he struck her two more times. She testified that he then forced her to commit fellatio.

She eventually convinced the defendant to let her drive on in the direction in which the other two men had walked. As she drove, the defendant fondled her vaginal area. After they caught up with the other two men, M., through a ruse, managed to run into the desert and escape.

The defendant then drove the car to the place where the three men had left their truck. He drove the car off the roadway into a wash and the three rode back towards town in the truck. The truck again ran out of gas, and a police officer approached the three. They did not mention the incident with the victim to him. The defendant was later identified and charged.

The defendant's only argument on appeal is that the trial court erred in admitting evidence regarding a previous act of sexual misconduct. That incident occurred in late 1984 when the defendant put his hand up a college student's skirt and touched her inner thigh. The defendant was convicted of misdemeanor assault and placed on probation for this incident.

He sought to exclude evidence of this prior incident. The trial court found that the probative value of the evidence exceeded its prejudicial effect and held it was admissible under Rule 404(b), Arizona Rules of Evidence, to show "intent, knowledge, and absence of mistake." At trial, the victim of the prior offense testified about the incident. During closing argument, the prosecutor referred to her testimony and stated, "[t]hat prior act is only to show the intent, okay, and that's what you're to use it for."

The defendant argues that it was error to admit the evidence of the prior incident because under any version of the events, neither intent, knowledge, nor absence of mistake are issues in this case. The defendant's version of the incident was at odds with M.'s. He testified that M. picked him and his two friends up when they were hitchhiking to get gasoline. According to him, M. drank and smoked marijuana with

them. Indeed, M. eventually admitted this, although she insisted that she didn't participate to the degree that the defendant said she did. According to the defendant, after his two friends walked ahead to the truck, he and M. kissed and hugged. He denied that he fondled her genital area or that she performed fellatio, and he maintained that everything that happened was consensual.

■ Evidence of prior acts of sexual misconduct is generally inadmissible in a prosecution for a sexual offense. *State ex rel. Pope v. Superior Court*, 113 Ariz. 22, 545 P.2d 946 (1976). Rule 404(b) permits an exception to this general rule where the evidence will prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In the context of this case, at least, where the defendant denies that the fondling or the fellatio occurred at all, these exceptions simply do not apply. The exceptions are also inapplicable to the defendant's admitted kissing and hugging M. There is nothing about the defendant's having impermissibly touched the thigh of another woman that sheds much light on whether his acknowledged conduct with M. was consensual.

What the state is really arguing is that since the defendant had engaged in sexual misconduct before, it is more likely that he acted without consent on the occasion in question. The state argues that the similarities between the prior misconduct and the recent acts show that the defendant is "aggressive" and that when he is drinking and alone with women he makes unwelcome sexual advances. Evidence of prior sexual misconduct may be admissible to prove the accused's propensity to commit the crime charged if the misconduct happened close in time to the alleged crime, was similar in nature to it, and involved an abnormal sexual act such as sodomy, child molesting, or lewd and lascivious conduct. *State v. Treadaway*, 116 Ariz. 163, 568 P.2d 1061 (1977). In *Treadaway*, where there was a three-year lapse between an act of fellatio and anilingus on a 13–year-old boy and an act of sodomy on a six-year-old boy, the supreme court held that evi-

dence of the prior incident was inadmissible to show propensity in the absence of expert testimony that the first act revealed a continuing emotional propensity to commit the second. Such expert testimony is not required if the acts are similar enough and occur close enough in time. *State v. Bailey*, 125 Ariz. 263, 609 P.2d 78 (App.1980).

■ The state cites no authority in support of its suggestion that the evidence was admissible to show an emotional propensity to commit the crime. The propensity exception is specifically "limited to those cases involving sexual aberration." *State v. McFarlin*, 110 Ariz. 225, 228, 517 P.2d 87, 90 (1973). We do not believe that touching the thigh of a woman while under the influence of alcohol can be classified as aberrational. *See State v. Gibson*, 103 Ariz. 428, 443 P.2d 424 (1968) (reversible error to show that accused rapist was a "peeping Tom").

■ We have also considered another possible grounds for admitting the evidence of the prior bad act. Evidence of other acts that are so unique as to suggest that the person who committed one must also have committed the other is admissible. This so-called "modus operandi" exception is inapplicable here because the two incidents have no particularly unique aspects in common. *See State v. Jackson*, 124 Ariz. 202, 603 P.2d 94 (1979). In summary, if we were to hold that the evidence of prior sexual misconduct in this case satisfies the criteria for admissibility under the emotional propensity exception, under the intent, knowledge, or lack of mistake exception, or under the modus operandi exception, there would be nothing left of the general rule that prior bad acts are inadmissible to show that the accused committed the offense charged.

The state argues that even if it was error to admit the evidence of the prior bad act, it was error that was harmless beyond a reasonable doubt. It contends that the defendant admitted to Frank Armenta, one of the friends who was with him on the evening in question, that he had had sexual contact with the victim. The evidence is not so clear-cut. It is true that the appel-

lant admitted kissing the victim, but he always insisted that this was consensual. Indeed, Armenta saw the defendant and the victim kissing and hugging and, although the victim later explained that she did this because she was frightened and buying time, Armenta did not observe anything about the kissing and hugging that suggested it was not consensual. .

Armenta did testify that the defendant told him that he had touched the victim's breast. In the context in which this testimony was given, it is unclear whether the touching occurred accidentally when the defendant grabbed the girl's arm or whether it was intentional. The defendant himself testified that he did not remember touching the victim's breast, but the only fair inference to be drawn from his whole testimony is that if he did do so, it was consensual. The victim herself never even contended that the defendant had touched her breast.

The evidence was certainly sufficient to convict the defendant of all of the charges against him. The case, however, was not indefensible. For example, M.'s account of how and why she originally picked the defendant and his friends up was not the same as Frank Armenta's version. Her explanation of why she left the service station and drove the men back out into the desert if she was afraid of them also leaves room for question. She initially failed to tell the police that she drank and smoked marijuana with the men, and although she claimed that the defendant hit her in the face three times, the physical evidence that one might expect to find if this really happened was not particularly strong.

■ The verdicts of not guilty of sexual assault suggest that the case troubled the jury. It obviously rejected much of M.'s testimony. The evidence was not overwhelming on the sexual assault or sexual abuse issue, and we cannot say that the admission of the evidence of prior bad conduct was harmless beyond a reasonable doubt.

However, the state's case on the charge of theft is a different matter. We affirm as to that charge. Officer Michael Keeley told the jury that the defendant admitted to him that he had stolen the car, but that he denied touching the girl. The defendant also admitted to Keeley that he had driven the car away after the girl fled and that he had tried to hide it. A picture taken of the car when it was found suggests that the defendant did indeed try to hide it.

■ The jury was instructed that in order to prove the theft charge, the state had to show that the defendant knowingly controlled the property of another person without permission and that he did so with the intent to deprive that person of the property. The defendant did not raise any objection to the propriety of this instruction, and we believe the evidence in this regard overwhelmingly supports the guilty verdict. Further, in our opinion, the evidence of prior sexual misconduct had little, if any, bearing on the jury's consideration of the theft charge.

■ The defendant must nevertheless be resentenced on the theft charge. In giving its reasons for imposing aggravated sentences, the court did not separate the aggravating factors which pertained to the sexual abuse convictions from those which pertained to the theft conviction. Most of the aggravating factors the judge enumerated relate to the defendant's alleged sexual misconduct.

Pursuant to A.R.S. § 13–4035, we have reviewed the record and have found no reversible error except as stated herein. The conviction on the theft charge is therefore affirmed, but the matter is remanded for resentencing. The convictions for sexual abuse are reversed and remanded for new trial.

BROOKS and SHELLEY, JJ., concur.