826 P.2d 1153

**STATE of Arizona, Appellee,**

v.

**Ronnie W. PIERCE, Appellant.**

**No. 1 CA–CR 89–418.**

Court of Appeals of Arizona,
Division 1, Department B.

May 28, 1991.

Review Denied April 7, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Janet Keating, Asst. Atty. Gen., Phoenix, for appellee.

Patterson & Terribile by Daniel B. Patterson, Phoenix, for appellant.

## OPINION

LANKFORD, Judge.

Defendant Ronnie W. Pierce was convicted by a jury of one count of sexual abuse of a minor under fifteen years of age, a class three felony, and one count of sexual conduct with a minor, a class two felony. Defendant was acquitted of a second count of sexual conduct with a minor. Defendant was sentenced to consecutive terms of imprisonment of ten and twenty years respectively.

On appeal, defendant presents three issues:

(1) Did the trial court err in instructing the jury that defendant's prior sexual acts with the victim and her sister could be considered to show defendant's "propensity for sexual molestation or sexual aberration"?

(2) Did the trial court err in failing to give the jury a general instruction as to the limited use of prior bad acts?

(3) Did the trial court err by refusing to require the prosecutor to articulate his reasons for exercising all six of his peremptory challenges to remove male panel members from the jury?

We affirm the superior court's order.

### I.

On the evening of December 21, 1985 defendant entered his twelve-year-old step-daughter's bedroom and proceeded to fondle her breasts and have sexual intercourse. Defendant was subsequently charged in counts I and III with the fondling of and intercourse with his twelve-

year-old stepdaughter, X.[1]

At trial, defendant's other stepdaughter, Y, testified that defendant also came into her bedroom on the evening of December 21 and began to touch her. After Y had twice asked him to stop, defendant left her bedroom. Additionally, both girls testified that defendant had repeatedly molested them for the preceding five years.

At the close of the evidence, both sides submitted proposed jury instructions limiting the purposes for which the jury could consider evidence of prior bad acts. *See* Rule 404(b), Arizona Rules of Evidence. The trial court declined to give either requested instruction, explaining to the parties that the proposed instructions were covered adequately by the standard instruction on prior sexual acts, Recommended Arizona Jury Instruction 14.101.

The trial court instructed the jury on its consideration of prior sexual acts as follows:

> You are permitted to consider evidence of other similar sexual offenses by the defendant only to the extent they show a propensity for sexual molestation or sexual aberration. Such evidence should not be considered for any purpose other than the defendant's state of mind.

The court also gave the following limiting instruction requested by the defense:

> The Defendant is not on trial for any act or conduct not alleged in the Indictment. Any evidence that was admitted regarding such other act or conduct was admitted for a limited purpose and should be considered only for that limited purpose.

Both parties were invited to make a record on the proposed and refused instructions. Neither side objected to the court's refusal to give the general prior bad acts instruction, and neither objected to its proposal to give the standard prior sexual acts instruction.

II.

■ Defendant first argues that the court's jury instruction regarding prior sexual acts was erroneous because crimes of sexual abuse or sexual conduct with a minor do not necessarily involve elements of sexual aberration. Defendant contends that this type of instruction should only be given when a defendant is charged with sexual molestation or other crimes requiring proof of sexual aberration.

As noted above, defendant failed to object to the court's proposed instruction. Defendant nevertheless argues that he preserved the issue for appellate review by requesting a jury instruction other than the one given by the court.

Our courts have consistently held that in order to preserve an objection to jury instruction, the party must make a specific objection stating the matter to which he objects and grounds for the objection. *See State v. Rivera*, 152 Ariz. 507, 516, 733 P.2d 1090, 1099 (1987); *State v. Toney*, 113 Ariz. 404, 408, 555 P.2d 650, 654 (1976). A mere request for a different jury instruction without more does not specifically state how the trial court's instruction was flawed.

■ However, a failure to object does not waive defects in instructions which constitute fundamental error. *State v. Edgar*, 126 Ariz. 206, 209, 613 P.2d 1262, 1265 (1980). There can be no fundamental error in this case because the instruction was not erroneous.

The trial court's instruction was derived from the Arizona Supreme Court's holding in *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973). In *McFarlin* the defendant was charged with child molestation. The court held that other acts of child molestation committed shortly before and shortly after the offense charged were admissible. *Id.* at 228, 517 P.2d at 90. The court reasoned:

> In those instances in which the offense charged involves the element of abnor-

---

1. Count II, of which defendant was acquitted, alleged that defendant also had oral sex with X.

mal sex acts such as sodomy, child molestation, lewd and lascivious, etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts. The "emotional propensity" exception is limited to those cases involving sexual aberration, but this is not to say that the other usual exceptions to the exclusionary rule cannot be used. It simply means that in addition to the usual exceptions there is in cases involving the charge of sexual aberration the additional exception of emotional propensity.

*Id.*

Defendant argues that the *McFarlin* instruction is appropriate only where sexual aberration is an element of the crime charged. He reasons that because sexual aberration is not an element of either sexual conduct or sexual abuse, the instruction was improper.

We cannot agree. The *McFarlin* opinion clearly states that child molestation is abnormal sexual conduct. While it is possible for a normal healthy *adolescent* to be prosecuted for otherwise normal, consensual sexual activity with a minor, this is not the case here. Defendant was a forty-six-year-old man charged with sexual abuse of and sexual *conduct with his twelve-year-old* stepdaughter.

Sexual conduct with a minor and sexual abuse of a minor can constitute "abnormal sex acts" or "sexual aberration." *Cf. State v. McCuin,* 167 Ariz. 447, 449, 808 P.2d 332, 334 (App.1991) (court may properly consider abnormality of sexual acts when aggravating defendant's sentence for sexual conduct with a minor). Common definitions of the term "aberrant" include "straying from the right or normal way," and "deviating from the usual or natural type." *Webster's New Collegiate Dictionary* 44 (9th ed.1983). Defendant's conduct with his stepdaughters clearly falls within the category of sexual deviance.

Moreover, the fact that the prior sexual conduct involved the same victims strengthens the probative value of the evidence, and is a clearly correct application of the *McFarlin* rule. *See State v. Garner,* 116 Ariz. 443, 569 P.2d 1341 (1977). Although this rule renders otherwise impermissible evidence admissible, and though this evidence is potentially damaging to a defendant, the rule applies and the trial judge was entitled to employ it.

Because the evidence clearly shows abnormal sexual conduct, we find that the jury was properly instructed to consider defendant's acts as they related to his state of mind, and only for that purpose. Because the jury instructions were proper, no fundamental error occurred.

### III.

■ Defendant also argues that the trial court erroneously failed to give the jury a general instruction as to the limited use of prior bad acts pursuant to Rule 404(b), Arizona Rules of Evidence.

The court instructed the jury to consider defendant's previous sexual activity for no other "purpose other than the defendant's state of mind." It emphasized in another instruction that evidence of acts for which defendant had not been indicted could be considered only for the limited purpose for which they were admitted. We find that those instructions properly confined the jury's consideration and adequately covered the substance of the "prior bad acts" instruction which the court refused to give.

In addition, as pointed out by the state, the court's refusal to give the proposed instruction inured to defendant's benefit. The jury was not permitted to consider defendant's prior sexual acts to establish motive, opportunity and intent that defendant's proposed instruction would have otherwise permitted.

We find no error, fundamental or otherwise, in the instruction as given.

### IV.

■ Defendant's final argument asserts that the trial court erroneously refused to require the state to articulate reasons for exercising all of its peremptory challenges to remove male panel members from the jury. Defendant contends the trial court

erred in refusing to extend *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) to include gender. In *Batson*, the Supreme Court held it to be a denial of equal protection for a prosecutor to use his peremptory challenges to exclude jurors on the basis of defendant's race.

We need not reach this issue, however, because defendant's objection was untimely and thus waived.

In this case, defendant's counsel objected to the state's use of its peremptory challenges after the jury had been empaneled and the stricken jurors excused. Pursuant to *State v. Harris*, 157 Ariz. 35, 754 P.2d 1139 (1988), defendant waived his objection. In *Harris*, the defendant did not raise a *"Batson"* objection until the day after the jury had been empaneled and all the stricken jurors excused. *Id.* at 36, 754 P.2d at 1140. In holding defendant's objection untimely, the Arizona Supreme Court reasoned that an immediate remedy for unconstitutional action was lost where no objections was made until after the challenged jurors had been excused. *Id.*

Since defendant in the case waited until the challenged jurors were excused before objecting, he too waived this objection.

Moreover, the issue does not present fundamental error and defendant's failure to raise it cannot be excused on that ground. *See State v. Holder*, 155 Ariz. 83, 85, 745 P.2d 141, 143 (1987) (*Batson* challenge does not present fundamental error and is waived if no timely objection is made).

Pursuant to A.R.S. § 13–4035 we have searched the record for fundamental error and have found none.

The judgment and sentence are affirmed.

GERBER, P.J., concurs.

KLEINSCHMIDT, Judge, concurring.

I concur with the majority because I believe that *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973), and *State v. Garner*, 116 Ariz. 443, 569 P.2d 1341 (1977), compel the result we reach. *Garner* holds that prior molestations of the same child are admissible to prove that the child was molested on the occasion giving rise to the charge. I write separately to point out that applied uncritically, *Garner* loses its logical underpinning. I illustrate my point with a simple restatement of the facts of the case we decide today. The state wants to prove that the defendant molested the child on one occasion in December, the crime with which the defendant is charged. It introduces the child's testimony that the incident occurred. To bolster its proof, the state introduces the assertion of the same child that the defendant molested her earlier in an incident for which the defendant has not been charged. Why, without more detail or independent corroboration, is the child's testimony about the earlier incident any more credible than her testimony about the one for which the defendant is on trial? What does the evidence of the prior bad act add except repetition? Why isn't the admission of such evidence mere bootstrapping? It is bootstrapping. In this case, the effect of this bootstrapping is ameliorated because there was independent evidence from the victim's sister of the defendant's penchant for molesting children.

The instruction to the effect that the jury could only consider the testimony about the prior molestations to prove the defendant's state of mind was very imprecise and does not make much sense in the context of this case. It would have been more accurate to instruct that the evidence of prior acts could be considered to prove the defendant's propensity to molest children. The instruction about proving intent was, however, innocuous.