66 P.3d 1268 (2003)
205 Ariz. 91
Jason Mendy FELD, Petitioner,
v.
The Honorable Stephen A. GERST, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,
State of Arizona, Real Party in Interest.
No. 1-CA SA 02-0276.
Court of Appeals of Arizona, Division 1, Department B.
April 29, 2003.
*1269 Maynard Murray Cronin, Erickson & Curran, P.L.C. By Daniel D. Maynard and Jennifer A. Sparks, Phoenix, Attorneys for Petitioner.
Richard M. Romley, Maricopa County Attorney By Colleen L. French, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

OPINION
WINTHROP, Judge.
¶ 1 In this special action, we have been asked to review the trial court's decision to admit evidence of prior bad acts under Rule 404(c), Arizona Rules of Evidence (2003). For the following reasons, we accept jurisdiction and grant relief.

FACTS AND PROCEDURAL HISTORY
¶ 2 The State alleges that defendant Feld kissed and fondled K.K. over her clothing and without her consent. The relationship began when defendant, a realtor, sold a home to K.K. and her husband. Some months later, *1270 defendant visited K.K. at her home, where he was invited in and they shared a glass of wine. Defendant raised the possibility of having an extra-marital sexual relationship; K.K. declined. A few months later, defendant returned to K.K.'s home. During this visit, defendant was given a tour of the home. When they reached the bedroom, defendant allegedly pinned K.K. to the bed and made the subject unwelcome physical advances. No clothing was removed, and defendant eventually desisted in his efforts, and left the home. Defendant was subsequently charged with attempted sexual assault, kidnapping and sexual abuse.
¶ 3 Prior to trial, the State filed a Rule 404(c) allegation, seeking to introduce evidence of a prior act of sexual misconduct that allegedly occurred on July 21, 1989. The State claimed that, on that date, defendant invited R.M., a female loan officer, to meet some prospective buyers at a vacant home that he was selling. When she arrived, there were no prospective buyers, and defendant indicated that they had "just cancelled." R.M. was given a tour of the home, during which defendant tried to kiss her and fondled her breast while they were on a couch. When R.M. said she was not interested and started to leave, defendant picked her up, carried her into a bedroom, pinned her on a bed, and again attempted to kiss her. Defendant was subsequently charged with sexual abuse, was tried and acquitted.
¶ 4 In response to the Rule 404(c) allegation, Defendant contended that his acquittal of this charge prohibited the use of this incident as a prior bad act under Rule 404(c). He also argued that R.M. had consented to the advances, and that, under any circumstance, the prejudice associated with admission of such evidence would clearly outweigh its probative value.
¶ 5 On October 15 and 21, 2002, the trial court conducted an evidentiary hearing with respect to the State's Rule 404(c) allegation. During such hearing, the court took testimony from R.M., from defendant and from Robert Emerick, an expert witness. Based upon a proffer of R.M.'s testimony and the charged act, Emerick testified that defendant had violated society's sexual norms, had engaged in sexually aberrant behavior, and referred to a study that purportedly concluded that convicted rapists continue to be recidivists for up to fifteen years. Emerick testified that, in his opinion, defendant had a character trait giving rise to an aberrant sexual propensity. On cross-examination, Emerick conceded that the patterns of conduct in these two incidents were somewhat different and the fact that defendant was acquitted of the earlier charge, if true, would affect his opinion. He further agreed that a determination of propensity could be more precisely made by looking at a person's course of behavior throughout the years, and conceded that an individual could commit isolated acts of "sexually deviant" behavior that would not necessarily establish a "propensity" for such conduct. Finally, Emerick conceded he was not aware of any study predictive of recidivism as it relates to inappropriate groping or other sexually offensive behavior short of rape.
¶ 6 On October 23, 2002, the trial court issued an order granting the State's motion to introduce the evidence concerning R.M. This special action followed.

JURISDICTION
¶ 7 The availability of a remedy by appeal does not necessarily foreclose this court's exercise of discretion to accept jurisdiction. Ariz. Dep't. of Pub. Safety v. Superior Court, 190 Ariz. 490, 491, 949 P.2d 983, 984 (App.1997). The appellate courts have accepted jurisdiction in cases when the grant of special action relief would effectively terminate the litigation. See Sanchez v. Coxon, 175 Ariz. 93, 94, 854 P.2d 126, 127 (1993); Emmons v. Superior Court, 192 Ariz. 509, 510, 968 P.2d 582, 583 (App.1998); Polacke v. Superior Court, 170 Ariz. 217, 218, 823 P.2d 84, 85 (App.1991). Thus, appellate courts have accepted special action jurisdiction when it would conserve judicial resources. Martin v. Reinstein, 195 Ariz. 293, 300, ¶ 9, 987 P.2d 779, 786 (App.1999). Finally, acceptance of jurisdiction has been justified as a matter of judicial economy when allowing the case to proceed to trial would result in an inevitable reversal and needlessly require the petitioner to pursue the issue through appeal. *1271 Harris Trust Bank of Ariz. v. Superior Court, 188 Ariz. 159, 162, 933 P.2d 1227, 1230 (App.1996).
¶ 8 Here, defendant contends that admission of the prior act evidence was an abuse of the trial court's discretion, and that going through with the trial would subject him to unnecessary expense and public embarrassment. Even assuming this to be true, we do not believe such consequence, in and of itself, is enough to compel acceptance of jurisdiction. Of more significance, however, is the State's concession that, without admission of the alleged prior bad act, it will not proceed with the prosecution of defendant on the incident involving K.K. Based upon such concession, we believe that, as a matter of judicial economy, and because granting special action relief will effectively terminate this prosecution, we should exercise our discretion to accept jurisdiction.

RULE 404(c)
¶ 9 Rule 404, Arizona Rules of Evidence, sets forth the well-established principle that evidence of a person's character or a trait of character is generally not admissible to prove that such person acted in conformity therewith on a particular occasion. Limited exceptions to this general prohibition are provided in subsections (a),(b) and (c). Subsection (c) provides, in pertinent part:
In a criminal case in which a defendant is charged with having committed a sexual offense, ..., evidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged. In such a case, evidence to rebut the proof of other crimes, wrongs or acts, or an inference therefrom, may also be admitted.
(1) In all such cases, the court shall admit evidence of the other act only if it first finds each of the following:
(A) The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.
(B) The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.
(C) The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403. In making that determination under Rule 403 the court shall also take into consideration the following factors, among others:
(i) remoteness of the other act;
(ii) similarity or dissimilarity of the other act;
(iii) the strength of the evidence that defendant committed the other act;
(iv) frequency of the other acts;
(v) surrounding circumstances;
(vi) relevant intervening events;
(vii) other similarities or differences;
(viii) other relevant factors.
(Emphasis added.)
¶ 10 Rule 404(c) was added by the supreme court in 1997 and, according to the official comment, was intended to "codify and supply an analytical framework for the application of the rule created by case law in State v. Treadaway, 116 Ariz. 163, 568 P.2d 1061 (1977) and State v. McFarlin, 110 Ariz. 225, 517 P.2d 87 (1973)." Ariz. R. Evid. 404(c)(Historical and Statutory Notes).
¶ 11 This court has previously analyzed Rule 404(c) and outlined the historical and proper framework of analysis:
Rule 404(c) was added to our evidentiary rules in 1997. According to the comment to the 1997 amendment, it was intended to codify the case law previously set out in State v. McFarlin, 110 Ariz. 225, 517 P.2d 87 (1973), and State v. Treadaway, 116 Ariz. 163, 568 P.2d 1061 (1977). In McFarlin our supreme court held that in trials on charges concerning abnormal sex acts such as child molesting, a defendant's aberrant sexual propensity might be proved by admitting evidence of similar acts committed near in time to the offense charged. 110 Ariz. at 228, 517 P.2d at 90. But in Treadaway, the supreme court held such evidence inadmissible when the other acts are remote in time, absent expert *1272 medical testimony that they do, in fact, establish a defendant's "continuing emotional propensity to commit the act charged." 116 Ariz. at 167, 568 P.2d at 1065. [Footnote omitted]. Subsequent case law made it clear that even after the State had established the probative value of propensity evidence, the trial judge still had to balance its probative value against the danger of unfair prejudice before admitting it. State v. Salazar, 181 Ariz. 87, 91, 887 P.2d 617, 621 (App.1994); see Ariz. R. Evid. 403.
State v. Garcia, 200 Ariz. 471, 476, ¶ 28, 28 P.3d 327, 332 (App.2001).

EXISTENCE OF AN ABERRANT SEXUAL PROPENSITY
¶ 12 The predicate for the application of Rule 404(c) is the existence of an "aberrant sexual propensity." This term is not defined in the Rule. As subsection (c) was intended to codify the rule of law announced in McFarlin and Treadaway, we look first to those decisions for guidance. In McFarlin, a child molestation case, the supreme court approved admission of evidence of prior "perverted acts" (in that case, other acts of child molestation) to show a propensity to commit such abnormal sex acts, limited to those cases where the charged crime involved sexual aberration. 110 Ariz. at 228, 517 P.2d at 90.
¶ 13 In Treadaway, the defendant was charged with sodomy and first degree murder of a six year old boy. The prior bad act introduced by the State involved the defendant three years earlier molesting a thirteen year old boy, which resulted in the defendant pleading guilty to a misdemeanor. In comments prefacing a lengthy analysis of how other states treat this issue, the court stated:
A prior, separate sex offense (particularly a dissimilar one) with a different victim (possibly excepting a similar relationship between defendant and the victim, such as father-daughter) as remote as three years earlier is almost never admissible and especially not for the purpose of showing only defendant's propensity to commit the crime charged.
116 Ariz. at 166 n. 2, 568 P.2d at 1065 n. 2. The court specifically observed that this type of evidence is "of such a highly prejudicial nature that some jurists and commentators regard it as nearly dispositive, making the guilty verdict almost a formality," id. at 167, 568 P.2d at 1065, and held that admission of this prior bad act constituted reversible error unless and until there was reliable expert medical testimony that such a prior act three years earlier tended to show a continuing propensity to commit the act charged.[1]
¶ 14 In the years following McFarlin and Treadaway, and leading up to and following the Arizona Supreme Court's adoption of subsection (c), Arizona courts have allowed "emotional propensity" evidence to be offered in prosecutions of crimes of sexual aberration. See, e.g., State v. Garner, 116 Ariz. 443, 447, 569 P.2d 1341, 1345 (1977)(child molestation involving the same victim); Garcia, 200 Ariz. at 472, ¶ 3, 28 P.3d at 328 (child molestation); State v. Alatorre, 191 Ariz. 208, 210, ¶ 7, 953 P.2d 1261, 1263 (App.1998)(child molestation/sexual misconduct with minor); State v. Jones, 188 Ariz. 534, 545, 937 P.2d 1182, 1193 (App.1996)(child molestation); Salazar, 181 Ariz. at 90, 887 P.2d at 620 (App.1994)(attempted child molestation; evidence of prior rapes of twelve and fourteen year old girls may be admissible to show sexually aberrant propensity); State v. Rojas, 177 Ariz. 454, 459, 868 P.2d 1037, 1042 (App.1993)(sexual misconduct with children; alleged prior acts of molestation with same *1273 victims); State v. Lopez, 170 Ariz. 112, 117, 822 P.2d 465, 470 (App.1991)(when charged crime was sexual misconduct with minor, alleged prior similar acts of sodomy with minor allowed); State v. Spence, 146 Ariz. 142, 144, 704 P.2d 272, 274 (App.1985) (child molestation involving the same victim); State v. Beck, 151 Ariz. 130, 134, 726 P.2d 227, 231 (App.1986) (prior acts of incest with adult daughter); State v. Bailey, 125 Ariz. 263, 265-66, 609 P.2d 78, 80-81 (App.1980) (in case involving charge of contributing to the delinquency of minor, "`French-kissing'" and repeated kissing of little girls on the lips by a fifty for year old man is unnatural, and makes the offense charged one involving sexual aberration").
¶ 15 Here, the State offered the testimony of R.M., arguing that it was similar enough to create the inference that defendant had an aberrant sexual propensity. The State also offered the testimony of Mr. Emerick, who opined that defendant's alleged conduct with both women, albeit thirteen years apart, violated society's "sexual norms," and thus qualified as an aberrant sexual propensity.
¶ 16 One can argue whether the scenarios involving R.M. and K.K. are sufficiently similar or close enough in time to support a finding of relevance. Similarly, one can probably argue whether two apparently isolated acts, occurring thirteen years apart, are sufficient to constitute a "propensity" for such conduct. The trial court apparently was persuaded that there was enough similarity, that the events were not too remote[2] and that sufficient evidence of a propensity was present. We will not, in this special action, substitute our judgment for that of the trial court concerning these issues.
¶ 17 In response to an order of this court, the parties recently submitted supplemental briefs directed to the issue of whether, as a matter of law, the alleged prior conduct of defendant constitutes the type of aberrant sexual behavior contemplated under Rule 404(c). The State contends that Rule 404(c) goes beyond the common-law parameters established by McFarlin and Treadaway, and "provides that evidence of other relevant acts may be admitted in all cases predicated on a sexual offense, not just in child molestations and other cases of extreme sexual perversion." Accordingly, the State argues that Rule 404(c) "is applicable not only to cases involving highly unusual sex acts, but also to crimes involving heterosexual contact between adults, that involves conduct that is not abnormal or remarkable except for the fact that one of the parties did not consent to the conduct."
¶ 18 The State's proposed interpretation flies directly in the face of the official comment to Rule 404(c). As noted above, the comment indicates that subsection (c) was adopted to codify the case law set forth in McFarlin and Treadaway and, presumably, the other Arizona appellate decisions in existence as of 1997 when subsection (c) was adopted. The State further urges this court to adopt the more expansive view of admissibility as contained in Rule 413, Federal Rules of Evidence.[3] However, during the rule-making process, the Arizona Supreme Court was likewise urged to adopt the more expansive view set forth in the equivalent federal rules, and declined to do so. The only "sea change" from the then-existing common-law in Arizona's Rule 404(c) is the elimination of the need for expert testimony in all cases of remote or dissimilar acts. See Rule 404(c)(1)(B), Ariz. R. Evid.
¶ 19 Defendant's supplemental brief not only provided an analysis of the common-law parameters in existence as of the adoption of subsection (c), but also presented *1274 affidavits of two apparently well-qualified psychologists, Dr. Phillip Esplin and Dr. Todd Flynn. The State has not objected to the submission of these affidavits, even though such evidence was not presented to the trial court below. We observe that this information may well have been very useful to the trial court's determination on a number of issues, including remoteness, the clinical definition of aberrant sexual propensity and the value of the recidivism study relied upon by Mr. Emerick. In considering a special action petition, we are allowed to and did in this case request supplemental briefing; however, we decline to consider new or additional evidence that was not presented or available to the trial court. See GM Dev. Corp. v. Community Am. Mortg. Corp., 165 Ariz. 1, 4, 795 P.2d 827, 830 (App.1990)(appellate review limited to the record before the trial court).
¶ 20 We recognize that defendant's alleged actions, if proven, can constitute chargeable criminal conduct. However, we do not believe that the unwelcome sexual advances in this case, no matter how repugnant and inappropriate they were, qualify as, nor are they sufficient to establish an inference of, an aberrant sexual propensity.
¶ 21 In State v. Williams, 111 Ariz. 511, 533 P.2d 1146 (1975), the supreme court considered the admissibility of an alleged prior rape as evidence under the "emotional propensity" exception recently recognized by the same court in McFarlin. The court stated:
The subject matter of the impeachment in issue concerned an alleged rape in 1968. Its circumstances do not suggest a plan, scheme or device that would be relevant to the rape for which [defendant] was being tried. Nor is the evidence admissible as showing "emotional propensity" to commit such acts under State v. McFarlin, supra, since the 1968 act to which reference was made focused on rape and did not involve sodomy, child molesting, or lewd and lascivious activity. Nor are any other exceptions to the general rule excluding prior bad acts applicable, such as demonstrating intent, guilty knowledge, identity, or motive. 111 Ariz. at 514-15, 533 P.2d at 1149-50 (emphasis added); cf. Salazar, 181 Ariz. 87, 90, 887 P.2d 617 (App.1994)(in prosecution for attempted sexual molestation of thirteen year old, it was error for the trial court to allow admission of evidence of uncharged rape of young adult woman which occurred eighteen years earlier, but held that, on remand for a new trial, the state may be able to introduce evidence of uncharged rapes of twelve and fourteen year old girls that had occurred three years and even twenty-one years earlier).
¶ 22 In State v. Cuen, 153 Ariz. 382, 736 P.2d 1194 (App.1987), the State was prosecuting the defendant for sexual assault, and introduced evidence of an incident that had occurred a year earlier "when the defendant put his hand up a college student's skirt and touched her inner thigh." Id. at 383, 736 P.2d at 1195. The defendant was convicted of misdemeanor assault for such conduct, and was ultimately convicted of sexual assault in the pending case. On appeal, the defendant argued that admission of this evidence was improper. The court of appeals reversed, and stated:
The state cites no authority in support of its suggestion that the evidence was admissible to show an emotional propensity to commit the crime. The propensity exception is specifically "limited to those cases involving sexual aberration." State v. McFarlin, 110 Ariz. 225, 228, 517 P.2d 87, 90 (1973). We do not believe that touching the thigh of a woman while under the influence of alcohol can be classified as aberrational. See State v. Gibson, 103 Ariz. 428, 443 P.2d 424 (1968)(reversible error to show that accused rapist was a "peeping Tom").
Id. at 384, 736 P.2d at 1196 (emphasis added).
¶ 23 Subsequent cases, recommended jury instructions, and dictionary definitions provide additional guidance for resolution of this issue. Citing McFarlin as a source, the Revised Arizona Jury Instructions (criminal) provide as follows:

*1275 14.101 Previous Sexual Acts
You are permitted to consider evidence of other similar sexual offenses by the defendant only to the extent they show a propensity for sexual molestation or sexual aberration. Such evidence should not be considered for any purpose other than the defendant's state of mind.[4]
The appropriateness of this instruction was reviewed by this court in State v. Pierce, 170 Ariz. 527, 826 P.2d 1153 (App.1992), a case involving sexual conduct with and sexual abuse of a minor:
Defendant argues that the McFarlin instruction is appropriate only where sexual aberration is an element of the crime charged. He reasons that because sexual aberration is not an element of either sexual conduct or sexual abuse, the instruction was improper.
We cannot agree. The McFarlin opinion clearly states that child molestation is abnormal sexual conduct. While it is possible for a normal healthy adolescent to be prosecuted for otherwise normal, consensual sexual activity with a minor, this is not the case here. Defendant was a forty-six-year-old man charged with sexual abuse of and sexual conduct with his twelve-year-old stepdaughter.
Sexual conduct with a minor and sexual abuse of a minor can constitute "abnormal sex acts" or "sexual aberration." Cf. State v. McCuin, 167 Ariz. 447, 449, 808 P.2d 332, 334 (App.1991)(court may properly consider abnormality of sexual acts when aggravating defendant's sentence for sexual conduct with a minor). Common definitions of the term "aberrant" include "straying from the right or normal way," and "deviating from the usual or natural type." Webster's New Collegiate Dictionary 44 (9th ed.1983). Defendant's conduct with his stepdaughters clearly falls within the category of sexual deviance.
Id. at 530, 826 P.2d at 1156.
¶ 24 We do not believe that the alleged conduct of defendant in either the charged offense or in the alleged prior act, while admittedly aggressive, offensive and illegal, rises to the level of the sexually aberrant behavior or character trait contemplated in McFarlin and Treadaway, the subsequent judicial decisions or the supreme court's codification of same as set forth in Rule 404(c). Accordingly, we grant the relief sought in the special action, and reverse the trial court's decision allowing the admission of the evidence concerning defendant's interaction with R.M.
CONCURRING: PHILIP HALL, Presiding Judge, and JOHN C. GEMMILL, Judge.
NOTES
[1] The comment to Rule 404(c) indicates that:

Subsection (1)(B) of Rule 404(c)is intended to modify the Treadaway rule by permitting the court to admit evidence of remote or dissimilar other acts providing there is a "reasonable" basis, by way of expert testimony or otherwise, to support relevancy, i.e., that the commission of the other act permits an inference that defendant had an aberrant sexual propensity that makes it more probable that he or she committed the sexual offense charged. The Treadaway requirement that there be expert testimony in all cases of remote or dissimilar acts is hereby eliminated. The present codification of the rule permits admission of evidence of the other act either on the basis of similarity or closeness in time, supporting expert testimony, or other reasonable basis that will support such an inference.
[2] See, e.g., State v. McAnulty, 184 Ariz. 399, 909 P.2d 466 (App.1995) (prior acts of child molestation 8-10 years earlier admitted); State v. Hopkins, 177 Ariz. 161, 866 P.2d 143 (App.1993) (prior acts of child molestation approximately 10 years earlier admitted); State v. Weatherbee, 158 Ariz. 303, 762 P.2d 590 (App.1988)(acts of child molestation that occurred 19-22 years earlier admitted to show "common scheme" and "ongoing emotional propensity for sexual aberration").
[3] Rule 413 of the Federal Rules of Evidence is entitled "Evidence of Similar Crimes in Sexual Assault Cases" and states, in pertinent part:

In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.
[4] The language concerning the limited purpose for which such evidence is received under Rule 404(b) must be specifically requested by the defendant, State v. McFarlin, 110 Ariz. 225, 228, 517 P.2d 87, 90 (1973), and is not applicable if the evidence qualifies under Rule 404(c).