NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY,
Maricopa County Attorney, *Petitioner*,

*v.*

THE HONORABLE DANIEL J. KILEY, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

JOE CUEN,
*Real Party in Interest.*

No. 1 CA-SA 15-0273
FILED 11-13-2015

Petition for Special Action from the Superior Court in Maricopa County
No. CR 2011-008083-001 DT
The Honorable Daniel J. Kiley, Judge

**JURISDICTION ACCEPTED, RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Petitioner*

Joe Cuen, Phoenix
*Real Party in Interest*

Roger T. Margolis Attorney at Law, Scottsdale
By Roger T. Margolis
*Advisory Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judges Andrew W. Gould and Patricia K. Norris joined.

---

**K E S S L E R**, Presiding Judge:

¶1 The State of Arizona filed a petition for special action asking for relief from a decision of the Maricopa County Superior Court precluding the State from using at trial a redacted transcript of a witness's testimony from a previous criminal trial of Joe Cuen. For the reasons that follow, we accept jurisdiction and grant relief.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 In this matter, a grand jury indicted Cuen on several sex and related crimes against a single victim, KR. The only remaining claim is one count for sexual assault. The State sought to introduce a redacted transcript from a previous trial involving a different victim, M. We therefore first turn to that prior proceeding and the earlier rulings in this case granting the State permission to introduce the transcript.

¶3 In 1985, Cuen was indicted on two counts of sexual assault and theft against M. *State v. Cuen*, 153 Ariz. 382, 383 (App. 1987). The jury found Cuen guilty of the lesser included offense of sexual abuse, but we reversed and remanded for a new trial because we held that the court had erred in admitting evidence of a prior act of misconduct in which Cuen had allegedly touched a woman's inner thigh and been convicted of misdemeanor assault. *Id.* at 383-84. In so holding, we explained that such evidence had only been admitted for Arizona Rule of Evidence ("Rule") 404(b) purposes and there was no authority cited to show it was admissible to show an emotional propensity to commit the crime. *Id.* at 384. We also noted that the jury was concerned about M's testimony because it found Cuen not guilty of the sexual assault charges. *Id.* at 385. On retrial, the jury

2

convicted Cuen of the two sexual abuse charges against M and Cuen did not appeal, although the State appealed his sentences. *State v. Cuen*, 158 Ariz. 86, 87 (App. 1988).

¶4 In this action, the State moved for permission to introduce evidence of certain acts as to M for purposes of Rule 404(c). In August 2012, following an evidentiary hearing, the superior court granted that motion, considering all of the factors under Rule 404(c) and balancing the probative nature of the evidence against any undue prejudice under Rule 403. In April 2013, the State moved to introduce such evidence in the form of a certified transcript under Rule 804(b). M was out of state and refused to come back to Arizona to testify, so the State argued M should be considered unavailable for the purpose of Rule 804(b). Cuen argued in part that if the witness was unavailable, the court should reconsider its Rule 404(c) ruling. In April 2013, the court rejected Cuen's argument, refused to revisit the Rule 404(c) ruling and granted the State's motion, concluding M was unavailable to testify.

¶5 This case was then rotated to a different judge. In March 2015, during a case management hearing, the court considered Cuen's motion to strike priors for remoteness. The court held that it would not revisit rulings by the prior judge that evidence from Cuen's convictions dealing with M would be admitted as part of the State's case in chief pursuant to Rule 404(c), but that the convictions could not be used for impeachment. In July 2015, the court extended this warning to deny other motions Cuen had filed to revisit the prior judge's rulings, including rulings on Rule 404(c) prior bad acts.

¶6 However, in September 2015, the court on its own motion ordered that any motion seeking a finding of unavailability for trial of any witness should be filed by September 30, 2015, and the issue of unavailability would then be addressed at the final trial management conference. The State filed its motion on unavailability of M on October 2, 2015, informing the court that a California court, where M lived, had denied the State's petition to secure attendance of M at the trial. On October 6, 2015, at the final trial management conference and hearing on unavailability of witnesses, the court expressly found that M was unavailable for trial and that the issue of unavailability had been ruled on in 2013 by the prior judge. However, the court then addressed whether the prior redacted trial transcript should be admitted, asking the State to determine exactly what would be admitted. At that point, jury selection was scheduled to begin October 19 and opening statements made October 22, 2015. On October 19, the court addressed what evidence would be

offered from M and expressed Rule 403 concerns. On October 20, 2015, during continued jury selection, the State explained its concern about the judge's Rule 403 comments, noting that in 2012 and 2013 the previous judge had ruled the transcript admissible for Rule 404(c) purposes and had done a complete analysis under Rules 403 and 404. The court announced that the prior ruling permitting the Rule 404(c) evidence had been made before the court determined M was unavailable to testify and the use of the redacted transcript heightened the risk of prejudice under Rule 403. Accordingly, it excluded the transcript under Rule 403.

¶7 The State brought this special action before the jury was sworn in. On October 26, 2015, after a telephonic hearing with Cuen, his advisory counsel and counsel for the State, we stayed all further proceedings in the trial court until further order of our Court.

## DISCUSSION

¶8 Acceptance of jurisdiction on a special action is appropriate when the petitioner has no equally plain, speedy and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a). When a court holds that the State may not introduce evidence for reasons other than its having been obtained in an unconstitutional manner, the State may not appeal that ruling. *State v. Roper*, 225 Ariz. 273, 274, ¶¶ 6-8 (App. 2010) (interpreting Arizona Revised Statutes ("A.R.S.") section 13-4032(6) to hold that the State may not appeal from order precluding the State's evidence as a disclosure violation); *State v. Bejarano*, 219 Ariz. 518, 522-23, ¶¶ 14-15 (App. 2008) (interpreting A.R.S. § 13-4032(6) to preclude appeal from order excluding evidence unless it was excluded as being unconstitutionally obtained). The proper remedy to seek review of such an order is by special action. *Bejarano*, 219 Ariz. at 524, ¶ 15. Nor may the State appeal from a judgment of acquittal to argue that the court erred in excluding its evidence. *Rolph v. City Court of the City of Mesa*, 127 Ariz. 155, 157-58 (1980) (holding that the State may not appeal from an acquittal even if the acquittal was based upon an egregiously erroneous foundation); *cf.* A.R.S. § 13-4032(3) (2010) (providing that State may appeal on a question of law adverse to the State when the defendant was convicted and appeals the judgment). Accordingly, an appeal would not provide an equally plain, speedy, and adequate remedy to the State and we accept jurisdiction of the petition.

¶9 We limit our discussion to the issue of whether the superior court erred in reconsidering the decision on the admissibility of the redacted transcript in light of the prior judge's ruling that the transcript was admissible. We hold that given the unique facts in this case, the court erred

in precluding use of the transcript, especially considering that the prior ruling was almost two years earlier and the decision to exclude the transcript was during jury selection.[1]

**¶10** "A horizontal appeal is a request that 'a second trial judge [ ] reconsider the decision of the first trial judge in the same matter, even though no new circumstances have arisen in the interim and no other reason justifies reconsideration.'" *Donlann v. Macgurn,* 203 Ariz. 380, 385-86, ¶ 29 (App. 2002) (alteration in original) (quoting *Powell–Cerkoney v. TCR–Mont. Ranch Joint Venture, II,* 176 Ariz. 275, 278–79 (App. 1993)). We disfavor such appeals because they waste judicial resources and encourage judge shopping. *Powell-Cerkoney,* 176 Ariz. at 278-79 (citing *Hibbs v. Calcot, Ltd.,* 166 Ariz. 210, 214 (App. 1990)). We have cautioned judges to avoid horizontal appeals unless new circumstances have developed. *Dunlap v. City of Phoenix,* 169 Ariz. 63, 66 (App. 1990) (quoting *Lemons v. Superior Court,* 141 Ariz. 502, 504 (1984)). However, a court may consider a horizontal appeal "when an error in the first decision renders it manifestly erroneous or unjust" or the applicable law has changed. *Powell-Cerkoney,* 176 Ariz. at 279 (citations omitted).

**¶11** As noted above, Cuen had sought to have the court review the prior judge's rulings on prior acts for Rule 404(c) purposes and the court had repeatedly told Cuen that it would not consider a horizontal appeal. While the court's ruling on the M transcript was sua sponte, we do not see any distinction between that and a motion by a party seeking revisitation of a prior ruling by a previous judge.

**¶12** None of the factors permitting a horizontal appeal is present here. First, there was no change in circumstances. As we explain below, the prior judge had ruled that M was unavailable for Rule 804 purposes so that the redacted transcript could be used in lieu of her appearing. Indeed, the superior court reaffirmed that M was unavailable for Rule 804 purposes, but then erred in concluding that when the prior judge ruled it was not clear that M would be unavailable. The record is undisputed that when the prior judge ruled in 2013 that the transcript could be introduced, M was not available to appear and the court expressly rejected Cuen's argument that if M was unavailable, the court should exclude the transcript under Rule 404(c). Additionally, the State's later attempt to subpoena her, which was denied by a California court, only reaffirms her unavailability.

---

[1] Given our holding today, we do not address the other arguments raised by the State.

**¶13** Second, the applicable law has not substantively changed. M was unavailable as a witness in 2013 and she is still unavailable in 2015. Rules 403, 404(c), and 804 have not substantively changed since the 2012 and 2013 rulings on admissibility of the transcript.

**¶14** Accordingly, the only other possible basis for a permissible horizontal appeal is that an error in the first decision renders it manifestly erroneous or unjust. We conclude that factor does not exist. The first judge weighed all the appropriate factors under Rules 404(c) and 403 and held the transcript was admissible. While the current judge weighed similar factors and came to a different conclusion, we cannot say that the first decision was "manifestly erroneous or unjust."

**¶15** In his response, Cuen argues that the prior judge erred in his weighing of the Rule 404(c) factors because the facts dealing with his crime against M are significantly different than those alleged as to KR.[2] We will not reweigh the factors considered by both the prior judge in 2012 and 2013 and the superior court in 2015. The issue before us is not whether either judge was correct and the transcript is admissible, but whether the superior court erred in revisiting the admissibility of the transcript as a horizontal appeal on the eve of trial.

**¶16** Given the unique facts of this case, the State's arguable need to use the transcript, and the proximity of the court's ruling to the beginning of trial, we conclude the court erred in revisiting the admissibility of the redacted transcript. In so holding, we do not offer any opinion on whether use of the redacted transcript at trial might constitute error or reversible error.

---

[2] Cuen seems to argue that the factors apply to a Rule 404(b) analysis. However, the court considered the factors under Rule 404(c).

**CONCLUSION**

¶17　　　　　For the reasons stated above, we accept jurisdiction of the petition for special action and grant relief.  The order prohibiting the State from using the redacted transcript from the prior trial is reversed.  We also vacate the stay of further trial proceedings.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama